254 So.2d 665 (1971)
Leon LEVY
v.
Gene STELLY and Southern Pacific Railroad Company.
No. 4594.
Court of Appeal of Louisiana, Fourth Circuit.
November 8, 1971.
Rehearing Denied December 6, 1971.
Writ Refused January 11, 1972.
*666 Brierre & Malone (Eugene D. Brierre), New Orleans, for Leon Levy.
Garrett & Carl (Clifton S. Carl), New Orleans, for Leon Levy.
Chaffe, McCall, Phillips, Burke, Toler & Sarpy (Jarrell E. Godfrey, Jr.), New Orleans, for Gene Stelly and Southern Pacific Railroad Co.
LEMMON, Judge.
Defendants appealed from a summary judgment which annulled and set aside a previous judgment dismissing this tort action without prejudice. When the present appeal was lodged, plaintiff moved to dismiss the appeal. Our opinion denying that motion (248 So.2d 845) sets forth the pertinent facts of this case as follows:
"Leon Levy sued Gene Stelly and his employer, Southern Pacific Company, for damages sustained in an intersectional automobile collision. By joint motion the suit was transferred from Jefferson to Orleans Parish to be consolidated with a suit filed by Robert Levy involving the same collision.
"On the date that the matter was fixed for trial, plaintiff's counsel indicated a preference to try the case in the United States District Court, where he had also filed suit. Plaintiff desired an indefinite continuance, but on motion of defendants, the trial court granted a judgment of involuntary dismissal, without prejudice. However, the judgment of dismissal inadvertently dismissed the suit of Robert Levy. The judgment bore the number and title of Robert Levy's suit, but indicated the name of Leon Levy's attorney.
"About a week later, on November 6, 1969, defendants moved ex parte to correct the judgment, and an amended judgment was signed by the trial judge."
After the amended judgment was rendered, a plea of prescription was filed in the Federal court action.
Our previous opinion continued:
"Plaintiff then moved for a new trial, which was granted. This court, on writ application, annulled and vacated the order granting a new trial, because the motion was not timely filed.[1]
"Our opinion, however, went further and discussed the effects of setting aside the order granting the new trial. The conclusion was that the amended judgment of November 6, 1969 was a nullity under LSA-C.C.P. art. 1951, resulting in a reinstatement of the prior judgment dismissing Robert Levy's suit. Under this reasoning, Leon Levy's suit was still pending. While our opinion did not decree the amended judgment a nullity (there was no petition for nullity before the court), it remanded the matter `to the District Court for such additional proceedings as are not inconsistent with the views expressed herein.'
"Plaintiff subsequently filed in the district court a `Motion to Make Judgment of the Court of Appeal, the Judgment of the Civil District Court.' This was met with an exception of res judicata, which was overruled. This court denied the writ application, complaining of the *667 judgment on the exception, with the following comment:
`"Although in an effort to facilitate the course of this litigation we pointed out in our prior opinion that the judgment of Nov. 6, 1969 was a nullity, our decree properly did not declare it null and it therefore remains the judgment of the trial court until there declared a nullity by proper proceeding. Nevertheless, since that judgment dismissed plaintiff's suit "without prejudice" it cannot support plea of res judicata, which in any case does not lie against plaintiff's motions."' (Emphasis supplied)
"Thereafter, plaintiff filed a petition to annul the amended judgment of November 6, 1969. Defendants filed exceptions, which were overruled, and plaintiff then moved for a summary judgment on the nullity action.
"Defendants appealed from the summary judgment granted by the trial court, declaring the amended judgment of November 6, 1969 to be null, void and of no effect."
The summary judgment declaring the nullity of the November 6, 1969 judgment of dismissal is now before us on appellate review.
Defendants contend that the petition for nullity failed to allege any of the grounds for nullity set forth by LSA-C.C.P. arts. 2002 and 2004. Since these grounds are exclusive[2], defendants urge that the petition failed to state a cause of action. (An exception of no cause of action was overruled by the trial court prior to the judgment of nullity).
In effect defendants' argument advances the proposition that Levy never appealed from the November 6, 1969 judgment of dismissal, which is now final, and that an action for nullity cannot be substituted for a timely appeal.
In examining the petition for nullity, we find that the grounds alleged amount to an assertion that the judgment of dismissal was contrary to law. If rendered contrary to law, a judgment is subject to reversal on appeal, but is not thereby subject to an action for nullity. Any error of law in the November 6, 1969 judgment of dismissal had to be urged within the time for appeal following rendition of that judgment. However, because the alleged error of law in the judgment of dismissal was raised first by motion for a new trial and later by a petition for nullity of that judgment, both of which address pleadings to the trial court, the appellate process was never utilized. Therefore the alleged error of law in the judgment of dismissal was never presented to us for appellate review. That judgment is now final and remains the judgment of the trial court.
We conclude that Levy, never having appealed, allowed the judgment of dismissal to become final and cannot now substitute an action for nullity for a timely appeal. Since the petition for nullity alleged only an error of law as grounds for relief, the petition failed to state a cause of action.
However, Levy contends that the judgment dismissing Robert Levy's suit was itself a final judgment when defendants attempted to amend it in the trial court to change the name and suit number. Citing Houston Oil Field Material Co. v. Pioneer Oil & Gas Co., 236 So.2d 536 (La.App. Cir. 1970), Levy argues that the Robert Levy judgment, being final, was no longer subject to amendment by the trial court except *668 to alter the phraseology or to correct errors of calculation under LSA-C.C.P. art. 1951.
The consolidated tort cases were set for trial on the merits on October 28, 1969. Since Robert Levy's case was compromised prior to the trial date, only Leon Levy's case was called for trial. The trial judge verbally rendered judgment in open court dismissing Leon Levy's suit without prejudice.[3]
Later that day, a judgment of dismissal was prepared by court personnel and was signed, but it erroneously carried Robert Levy's name and suit number and was filed in Robert Levy's record. Although the November 6, 1969 judgment of dismissal was presented for rendition along with a motion to correct the previous judgment (which could have been ignored), the judgment was rendered pursuant to the verbal declaration of the trial judge on October 28. It therefore represents the only written judgment of dismissal rendered in the Leon Levy case, and it further represents the clear intention of the trial judge on October 28 to dismiss Leon Levy's suit.
The judgment of dismissal, even if erroneous in law, is now final and must stand.
Had the court personnel properly prepared the October 28 judgment and had Leon Levy's suit been dismissed that day, plaintiff would be in the same position he now finds himself. While plaintiff may or may not have been successful on appeal in using that error to escape from the dismissal, that question is moot since no appeal was taken.
Accordingly, the summary judgment of nullity is reversed, and the exception of no cause of action to plaintiff's supplemental petition for nullity is maintained at plaintiff's cost.
Reversed and rendered.
NOTES
[1] See Levy v. Stelly, 230 So.2d 774 (La.App. 4 Cir. 1970).
[2] Willoz v. Veterans Acceptance and Thrift, Inc., 188 So.2d 186 (La.App. 4 Cir. 1966).
[3] These facts are admitted in Levy's supplemental petition for nullity.