LEMMON, Judge.
This is an appeal from a judgment maintaining an exception of no cause of action and dismissing a petition for nullity of judgment and injunctive relief.
C.I.T. Leasing Corporation had entered into three written contracts to lease certain equipment to Bar-Tender of Louisiana, Inc., with options to purchase the equipment. Robert U. Blum individually guaranteed the obligations undertaken by Bar-Tender.[1] When the lease payments allegedly became delinquent, C.I.T. filed two- separate suits, alleging that it had exercised its option under the agreement to declare the entire balance of the monthly payments at once due and owing. In accordance with the leases, C.I.T. also demanded all state, parish and city taxes due or to become due during the term of the lease. Subsequently, C.I.T. applied for and was granted a writ of sequestration, and shortly thereafter both suits were dismissed without prejudice on joint motion of all parties.
Bar-Tender and Blum, contemporaneous with signing the joint motions to dismiss, also executed confessions of judgment by separaté notarial acts on August 5, 1969. In the acts Bar-Tender and Blum acknowledged an indebtedness to C.I.T. in the amount of $48,416.71, stating that this sum was past due and unpaid, and further acknowledged that an additional 10% of the amount past due and unpaid was due as attorney’s fees. The parties also waived notice, service of petition, citation and legal delays and agreed that judgment may be entered against them immediately in the full amount recited and all costs.
On March 25, 1970 C.I.T. instituted the present proceedings by a petition based on the confessions of judgment, and a judgment was rendered on the same day in the full amount, less credit for payments received. Copies of -the judgment were served on both Bar-Tender and Blum, but neither applied for a new trial or for an appeal. C.I.T. eventually caused a writ of fieri facias to be issued in August, 1970.
On October 9, 1970 Bar-Tender and Blum filed a “petition for nullity of judgment and injunction” in these same proceedings. The petition alleged that no citations were issued and no services were made, and further that the judgment was null and void because service of citation was waived and judgment confessed prior to the maturity of the obligation sued upon in contravention of La.Const. art. 7, § 44. The petition also alleged numerous irregularities in the seizures made under the writ of fieri facias and demanded that the seizures be annulled.
Hibernia National Bank in New Orleans, the assignee of subleases covering *230 much of the seized equipment, intervened and joined in the prayer for injunctive relief.
C.I.T. filed exceptions of no cause of action to both the petition for nullity and injunction and the petition of intervention. The trial court refused to consider anything beyond the four corners of the confessions of judgment, which recited that the indebtedness was past due and unpaid. Thus, the trial court maintained the exceptions and dismissed the petitions.
This court denied an application for a writ of certiorari for the reason that an adequate remedy existed by appeal as to the action for nullity of judgment. Regarding the injunctive relief sought on grounds other than nullity of judgment, we observed that there was an adequate remedy in- the trial court.[2] The Supreme Court also denied a writ application, and BarTender, Blum and Hibernia appealed.
On an exception of no cause of action, all' allegations of fact in the petition must be considered as true.
The grounds for an action of nullity are contained in C.C.P. art. 2001 et seq. and are exclusive. Levy v. Stelly, 254 So.2d 665 (La.App. 4 Cir. 1971), cert. denied, 260 La. 403, 256 So.2d 289 (1972). Therefore, the facts alleged in the petition (and accepted as true for the purpose of this exception) must show entitlement to annulment based solely on these grounds. An action for nullity cannot be substituted for a timely appeal. Levy v. Stelly, supra.
Bar-Tender and Blum contend first that the judgment is null under C.C.P. art. 2002 because they were not served with process as required by law. However, a judgment is valid against a defendant not served with process if that defendant waived service in a valid confession of judgment. Kirkeby-Natus Corporation v. Campbell, 210 So.2d 103 (La.App. 4 Cir. 1968). This observation, of course, begs the ultimate question of the validity of the confession of judgment.
The same ultimate question is raised by appellants’ second contention that the judgment was obtained by ill practice (C.C.P. art. 2004), namely, by means of an unconstitutional confession of judgment.
Thus the validity of the confessions of judgment is the crucial determination in ascertaining whether or not the subsequent judgment may be annulled. The invalidity assigned in this particular case is that the confessions were executed prior to the maturity of the obligation sued upon, but the appellants had declared in the authentic acts confessing judgment that the indebtedness was past due and unpaid. The trial court held in effect that the appellants in their petition for nullity could not contradict the previous declarations in the authentic acts and maintained the exception on that basis.
Parol evidence has been allowed to contradict declarations of a party in an authentic act in order to prove that an obligation has been contracted in contravention of a prohibitory law. Smith v. Smith, 239 La. 688, 119 So.2d 827 (1960).
Our constitution absolutely prohibits confessing judgment prior to maturity of the obligation. If this confession is made in an authentic act containing an incorrect declaration that the obligation has not matured, and the court refuses inquiry into the correctness of the declaration because of the authentic form of the instrument, we would render the constitutional prohibition ineffective and meaningless. We would in effect hold the form of the authentic act to be more inviolable than the constitution. As a result anyone who wished to use this constitutionally prohibited *231 procedure could do so by requiring an economically oppressed individual to make an incorrect declaration before a notary public and two witnesses.
We hold that a person who asserts in a notarial act confessing judgment that the obligation has matured may, in an action to annul the subsequent judgment, repudiate that assertion by pleading and by proving with positive evidence that the obligation had not in fact matured at the time the act was executed.
We therefore proceed to examine the petition for nullity, the attachments thereto, and the records incorporated by reference in order to determine whether or not a cause of action is stated.
Plaintiff alleged that the obligation sued upon had not matured prior to the confessions of judgment. This may arguably be called “pleading a conclusion”, and the system of pleading facts has been retained in our Code of Civil Procedure. See C.C.P. art. 854. We believe that the allegation is an admixture of fact and conclusion.
This court is divided on the question of whether or not sufficient facts have been alleged so as to state a cause of action. We unanimously agree, however, that the petition does not clearly state a factual background from which we could conclude that the obligation had not matured.
We therefore affirm, for different reasons, the judgment of the district court maintaining the exception of no cause of action, but we do not believe that the petition should be dismissed, since the insufficient and/or unclear factual allegations can be remedied by amendment of the petition. We therefore amend the judgment and order the amendment of the petition in accordance with C.C.P. art. 934.[3]
For the reasons assigned, the judgment of the trial court is amended to order amendment of the petition within 15 days of the date that this judgment becomes final. As amended, the judgment is affirmed. The assessment of costs will await final determination of the cause.
Amended and affirmed.

. Blum denied guaranteeing one of the leases.

. Bar-Tender and Blum thereafter filed another petition for injunction based on these grounds, which was dismissed after a full hearing.

. C.C.P. art. 934 recites in pertinent part:
“When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court.”