283 So.2d 328 (1973)
SOUTHERN WHEEL & RIM SERVICE, INC.
v.
CHAMPION MACHINE WORKS, INC.
No. 5720.
Court of Appeal of Louisiana, Fourth Circuit.
September 26, 1973.
*329 Solomon S. Goldman, New Orleans, for plaintiff-appellee.
Stephenson & Fineran, W. Monroe Stephenson, New Orleans, for defendant-appellant.
Before LEMMON, J., and FEDOROFF and GAUTHIER, JJ., Pro Tem.
GAUTHIER, Judge.
This is an action by Champion Machine Works, Inc. (Champion) against Southern Wheel And Rim Service, Inc. (Southern) seeking to nullify a default judgment rendered in favor of Southern by the First City Court of the City of New Orleans in the amount of $896.45.
The original claim by Southern was for the purchase price of merchandise sold on open account to Champion during the months of March, April and June, 1970, less payments made on the account in June, July and September, 1970, leaving a balance due and owing of $896.45. The record shows that suit was filed on May 17, 1971, and after service of citation on Champion a Judgment By Default was taken by Southern on August 12, 1971.
On June 12, 1972, Champion filed this suit for nullity of the judgment alleging that the merchandise sold by Southern to Champion was so grossly defective and in such a state of ill repair that it was not suited for the work of Champion and therefore useless to Champion; that the said materials could not be used due to gross redhibitory vices and defects; and that said defects and vices caused Champion to incur additional expense in obtaining other equipment to take the place of the defective materials sold by Southern to Champion.
Southern filed exceptions of no cause of action and vagueness. The trial court sustained the exception of no cause of action *330 and dismissed Champion's suit. Champion has taken this appeal.
We are in accord with the ruling of the trial court that appellant's petition does not state a cause of action and we likewise agree that the trial court was correct in not permitting appellant to amend its petition.
Articles 2001 through 2006 of the Code of Civil Procedure provide the grounds for an action of nullity. These are the exclusive grounds for nullity of judgment. See WWOM, Inc. v. Grapes, La.App., 158 So.2d 861. An action for nullity cannot be substituted for a defense on the merits or for a timely appeal. Levy v. Stelly, La.App., 254 So.2d 665.
The allegations of the petition for nullity filed herein do not set forth any vices in the form of the judgment (Article 2002), nor does the petition charge that the judgment was obtained by fraud or ill practices (Article 2004). Clearly this petition to annul a final judgment does not set forth a cause of action.
There now remains the issue as to whether the trial court properly dismissed Champion's suit or should have permitted the appellant to amend its petition pursuant to LSA-C.C.P. Article 934, which reads as follows:
"When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed."
Champion contends that it could amend the petition and remove the grounds of objection thereby conforming to the provisions of Article 2001-2006 of the Code of Civil Procedure for nullity of a judgment.
A close reading of the provisions of Article 934, supra, and the relevant jurisprudence of this State, shows conclusively that the trial judge must first determine whether or not the grounds for objection, as covered by the peremptory exception, can be removed by amendment. If this preliminary decision be answered in the affirmative, the trial judge must then provide additional time for amendment of the petition.
A statement of the jurisprudence of our State appears in the case of Succession Of Guidry v. Bank Of Terrebonne & Trust Co., La.App., 193 So.2d 543, and is quoted with approval:
"The provisions of LSA-C.C.P. Article 934 are unquestionably a codification of the prior jurisprudence and indeed extend the rule of the Reynolds case, supra, by mandatorily requiring that the trial court afford opportunity to amend when revision can cure or remove the grounds upon which the peremptory exception is founded. The applicable statute is couched in clear and unmistakable verbiage to the effect that the trial court shall allow amendment within a reasonable delay under such circumstances. We hold, therefore, that where the ground of the peremptory exception may be removed by amendment, no discretion is vested in the trial court to grant or deny time for amendment. In such instances the trial court must afford time for amendment. Such is the case in the matter at hand." (Italics Ours)
There has been no showing by Champion, either in the trial court or in this court, as to how the grounds for the peremptory exception might be removed by amendment. The allegations of the petition do not even suggest a cause of action for nullity; rather the petition alleges facts which, if proved, might have provided the basis for a timely defense against the original claim.
*331 Inasmuch as the trial court was not informed by Champion as to the allegations of any proposed amendment to remove the grounds upon which the peremptory exception was founded, the trial judge properly dismissed the action.
The judgment is affirmed.
Affirmed.