410 So.2d 837 (1982)
MELDEAN'S, INC., Plaintiff-Appellant,
v.
Woodrow W. RIVERS, Defendant-Appellee.
No. 8591.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1982.
Rehearing Denied March 23, 1982.
*838 Roy A. Raspanti, New Orleans, for plaintiff-appellant.
Fuhrer & Flournoy, Leonard Fuhrer, Alexandria, for defendant-appellee.
Before DOMENGEAUX, DOUCET and LABORDE, JJ.
DOMENGEAUX, Judge.
Meldean's, Inc., plaintiff-appellant, filed this suit against Woodrow W. Rivers (Rivers), defendant-appellee, seeking to annul a monetary judgment obtained against it by Rivers.
The judgment sought to be annuled was rendered in the proceeding entitled "Rivers v. Schlumberger's Well Surveying Corporation, et al,"[1] No. 30522 of the Thirtieth Judicial District Court, Parish of Vernon, State of Louisiana. That suit was under the Jones Act (46 U.S.C.A. § 688) for damages resulting from the personal injuries sustained by Rivers and culminated in a judgment in favor of Rivers and against Meldean's, Inc. in the sum of $229,000.00 plus interest and costs. The judgment was rendered on November 5, 1979, and affirmed on appeal on October 8, 1980.[2]
This suit to annul the judgment obtained against it was filed by Meldean's, Inc. on March 10, 1981. From a judgment of the trial court sustaining Rivers' peremptory exception of no cause of action, Meldean's, Inc. has appealed.
In its petition to annul, Meldean's makes the following allegations:
1. On October 8, 1980, the Third Circuit Court of Appeal affirmed the judgment of the trial court.
2. Immediately thereafter, Lynn B. Dean, President of Meldean's, Inc., asked the attorney for Meldean's, Inc. to apply for a rehearing.
3. The attorney for Meldean's, Inc. failed to apply for rehearing and on November 12, 1980, the record was returned to the trial court.
4. Meldean's, Inc. did not learn that the time for applying for a rehearing had run until Lynn B. Dean made personal inquiry of the Clerk of Court for the Third Circuit Court of Appeal.
5. Meldean's, Inc. had an absolutely valid defense and through no fault of its own it did not receive a rehearing in the Court of Appeal because its attorney failed to make application for rehearing.
6. The judgment referred to herein was obtained through ill practices and should be annulled.
An exception of no cause of action is tried solely on the face of the petition and attached documents. In ruling on an exception of no cause of action, all well pleaded facts in the petition and attached documents must be accepted as true, and any doubt must be resolved in favor of the sufficiency of the pleadings to state a cause of action. Guillory v. Nicklos Oil & Gas Company, 315 So.2d 878 (La.App. 3rd Cir. 1975). After closely reviewing the plaintiff's petition and according it the proper weight, we find that the defendant's exception was properly sustained.
In its petition and attached affidavit plaintiff contends that the previous judgment against it, and affirmed on appeal, should be declared a nullity because its former attorney failed to timely apply for a rehearing when, as plaintiff alleges, it had an absolutely valid defense.
Facts establishing the "absolutely valid defense", which plaintiff alleges was available to it, were not alleged in its petition for nullity or attached affidavit. As such, plaintiff merely alleges conclusions of law which, for the purposes of determining whether the petition states a cause of action, *839 cannot be regarded as factual allegations supportive to its action for nullity. First Natchez Bank v. Malarcherdamare Co., Ltd., et al, 135 La. 295, 65 So. 270 (1914); HMC Management Corporation v. New Orleans Basketball Club, et al, 375 So.2d 700 (La.App. 4th Cir. 1979, writs denied, 378 So.2d 1384; 379 So.2d 11; Papania v. Aetna Casualty & Surety Company, et al, 291 So.2d 908 (La.App. 3rd Cir. 1974), writ denied, 294 So.2d 835.
Plaintiff's other contention is that the prior judgment should be declared null due to ill practice on the part of its former attorney, and cites LSA C.C.P. Article 2004 to support this proposition. Article 2004 provides as follows:
"A final judgment obtained by fraud or ill practices may be annulled.
An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices."
LSA C.C.P. Article 2004 was derived from the 1870 Code of Practice Articles 607 and 613.[3] Comment (b) of 2004 portrays the intention of its redactors and states that, although the illustrations set forth in the source articles (607 and 613 of the former Code of Practice) had been omitted, there was no intention to change the law. Fraud and ill practices as illustrated in the 1870 Code of Practice Articles, and obviously applicable to LSA C.C.P. Article 2004, are the type which involved instances of trickery, deceit, or intentional misrepresentations. Whereas we feel that LSA C.C.P. Article 2005 rather than 2004 is dispositive in the case at bar, as will be discussed below, we nonetheless feel that the failure of one's attorney to timely file for a rehearing does not constitute a fraud or ill practice within the perimeters of Article 2004.
When an action has already been disposed of on appeal, as here, LSA C.C.P. Art. 2005 establishes the exclusive grounds available to a litigant in a subsequent suit for nullity. Article 2005 of the Code of Civil Procedure provides as follows:
"A judgment may be annulled prior to or pending an appeal therefrom, or after the delays for appealing have elapsed.
A judgment affirmed, reversed, amended, or otherwise rendered by an appellate court may be annulled only when the ground for nullity did not appear in the record of appeal or was not considered by the appellate court.
An action of nullity does not affect the right to appeal." (Emphasis added).
The official comment to this Article provides in part:
"... where an appeal is a proper remedy for the correction of a judgment, an action of nullity does not lie upon a general allegation that the judgment is contrary to the law and the evidence. (citations omitted). In the case of State v. Sommerville, 112 La. 1091, 36 So. 864 (1904), the court pointed out that the action of nullity was not to be used as a means of affording another day in court for a litigant, who has neglected his opportunity, and that its purpose under Article 607 of the 1870 Code of Practice was to furnish relief against fraud in the obtention of the judgment, which makes no appearance on the record, and for which an appeal would afford no remedy."
In the original proceedings Meldean's, Inc. was afforded its "day in court", and *840 allowed an opportunity to fully litigate all of its claims and/or defenses in that action. After being cast in judgment, Meldean's appealed, and in a lengthy and exhaustive opinion, this Court affirmed the judgment of the court below. Thereafter, Meldean's attorney, for one reason or another, did not apply for a rehearing.[4]
Our jurisprudence is well settled that an action for nullity cannot be substituted for a defense on the merits or for a timely appeal. Levy v. Stelly, 254 So.2d 665 (La.App. 4th Cir. 1971); Southern Wheel & Rim Service, Inc. v. Champion Machine Works, Inc., 283 So.2d 328 (La.App. 4th Cir. 1973); Alleman v. Guillot, 225 So.2d 607 (La.App. 1st Cir. 1969); C. I. T. Leasing Corporation v. Bar-Tender of Louisiana, Inc., 258 So.2d 228 (La.App. 4th Cir. 1972); LeGlue Buick, Inc. v. Smith, 390 So.2d 262 (La.App. 3rd Cir. 1980). Accordingly, logic mandates us to find that an action for nullity cannot be substituted for one's failure to timely apply for rehearing after an appellate decision. To hold otherwise would be to authorize a suit for nullity whenever one failed to meet the statutory time delays to apply for rehearing as provided by law.
We have carefully reviewed plaintiff's petition and attached affidavit of the nullity action before us, and we fail to ascertain any grounds, under our law, upon which a cause of action for nullity may rest. As aforementioned, plaintiff has not alleged any facts which indicate a ground for nullity existed outside the record of appeal in the previous suit, nor that this court failed to consider any other grounds for nullity in that suit which did appear in the record on appeal.
For the above and foregoing reasons the judgment of the trial court sustaining defendant's exception of no cause of action is affirmed. All costs at trial and on appeal are to be taxed against plaintiff-appellant, Meldean's, Inc.
AFFIRMED.
NOTES
[1] The other two defendants to this suit were Meldean's, Inc., the plaintiff herein, and Elevating Boats, Inc.
[2] The opinion of the Court of Appeal can be found at 389 So.2d 807 (La.App. 3rd Cir. 1980).
[3] Articles 607 and 613 of the Code of Practice read as follows:

Article 607:
"A definitive judgment may be annulled in all cases where it appears that it has been obtained through fraud, or other ill practices on the part of the party in whose favor it was rendered; as if he had obtained the same by bribing the judge or the witnesses, or by producing forged documents, or by denying having received the payment of a sum, the receipt of which the defendant had lost or could not find at the time, but has found since the rendering of the judgment."
Article 613:
"When a judgment has been obtained through fraud on the part of the plaintiff, or because the defendant had lost or mislaid the receipt given to him by the plaintiff, the action for annulling such judgment must be brought within the year after the fraud has been discovered, or the receipt found."
[4] No reasons were given for plaintiff's former attorney's failure to timely apply for a rehearing. Therefore, this Court has no way of knowing whether such failure was due to any negligence on his part, or whether it was the result of a policy decision of some sort. This issue, however, is not now before us, and rather than speculate we refrain from expressing any opinion on the matter.