LABORDE, Judge.
Appellant, Linda Trottie, brings this suit to annul a consent judgment granted against her in favor of appellee, Sandy All-britton, alleging that the consent judgment is invalid because the compromise and settlement reached by the parties was never reduced to writing as required by LSA-C.C. art. 3071. From a judgment denying her demand for nullification of judgment, Mrs. Trottie appeals. We hold that Linda Trot-tie’s allegation, even if true, does not fall under one of the grounds for an action of nullity set forth in Code of Civil Procedure Articles 2001 through 2006. These grounds being exclusive, we affirm the lower court’s decision.
Sandy Allbritton filed suit in City Court against Linda Trottie seeking $500 in damages arising out of an automobile accident between the parties on September 30, 1980. *641 At the trial, plaintiff, acting as her own attorney, attempted to introduce into evidence a copy of an appraisal which set forth damages to her automobile. Counsel for Linda Trottie objected and the objection was sustained. In his written reasons for judgment, the judge stated that following the sustaining of the objection “the Court advised Defendant [sic] that it would be necessary to have the mechanic personally appear in Court for this evidence.” Continuing, the judge stated, “At this time, it is the Court’s recollection that counsel for Defendant asked to discuss the matter with Plaintiff. This was done. Following this discussion, plaintiff said, ‘we agree on $250’ or words to that effect.” On that basis, the trial court rendered judgment on September 17, 1981, in favor or Sandy Allbritton and against Linda Trottie in the sum of $250.
Sandy Allbritton had Linda Trottie’s wages garnished in order to satisfy her judgment. On October 30, 1981, Linda Trottie instituted the present suit seeking to have the September 17, 1981, judgment nullified on the basis that it was rendered without consent of the parties or litigation of the issues. Linda Trottie appeals the denial of her demand for nullification of the previous judgment.
Articles 2001 through 2006 of the Code of Civil Procedure set forth grounds for an action of nullity. These grounds are the exclusive grounds for nullity of judgment. Southern Wheel & Rim Service, Inc. v. Champion Machine Works, Inc., 283 So.2d 328 (La.App. 4th Cir. 1973). Failure to reduce a compromise and settlement to writing is not one of the exclusive grounds for nullity of judgment. Further, the court in Southern Wheel & Rim Service, Inc., supra, stated: “An action for nullity cannot be substituted for a defense on the merits or for a timely appeal.” See also Levy v. Stelly, 254 So.2d 665 (La.App. 4th Cir. 1971); writ refused, 260 La. 403, 256 So.2d 289 (1972).
For these reasons the judgment appealed from is affirmed at appellant’s cost.
AFFIRMED.