447 So.2d 1269 (1984)
William L. O'NEILL
v.
Herbert SUMRALL, Administrator of the Louisiana Office of Employment Security.
No. CA-1845.
Court of Appeal of Louisiana, Fourth Circuit.
March 28, 1984.
Phillip Shuler, Dona J. Dew, New Orleans, La., for D & D Catering Service, Inc.
Before GULOTTA, SCHOTT and BYRNES, JJ.
GULOTTA, Judge.
Ex proprio motu, we have noticed the untimeliness of the employer's appeal in this action for unemployment compensation benefits.
The trial court rendered and signed a final judgment on the merits on June 17, 1983, reversing the Board of Review's disqualification of the claimant, and remanding the matter for payment of benefits. The time for appealing this judgment thereafter expired without the filing of any petition for appeal.
On August 22, 1983, the defendant employer, D & D Catering, Inc., filed a "Motion to Annul Judgment and to Reopen Judicial Review", seeking to nullify the June 17, 1983 judgment. Following the trial court's denial of this motion on September 30, 1983, the employer moved for a new trial, which was likewise denied on November 15, 1983. On November 18, 1983, the employer then filed a motion for appeal from the September 30 judgment.
In response to our March 9, 1984 order to show cause why the appeal should not be dismissed, appellant has filed a brief contending that its appeal is a timely one from the judgment of September 30, not from the judgment of June 17, 1983.
At the outset, we note the absence in the record of any September 30, 1983 signed judgment denying the appellant's motion to annul. Without a signed, final judgment, no appeal may be taken. LSA-C.C.P. Art. 1911. Although the record does contain a November 15, 1983 signed judgment, denying the motion for a new trial, it is likewise clear that a judgment refusing a new trial is also not appealable. *1270 LSA-C.C.P. Art. 2083; General Motors Accept. Corp. v. Deep South Pest Con., 245 La. 625, 173 So.2d 190 (1965).
The time for appealing the June 17, 1983 judgment on the merits has admittedly lapsed. An action for nullity cannot be substituted for failure to take a timely appeal. Levy v. Stelly, 254 So.2d 665 (La. App. 4th Cir.1971); C.I.T. Leasing Corp. v. Bar-Tender of Louisiana, Inc., 258 So.2d 228 (La.App. 4th Cir.1972); Meldean's Inc. v. Rivers, 410 So.2d 837 (La.App. 3rd Cir. 1982).
For the foregoing reasons, the appeal is dismissed.
APPEAL DISMISSED.