DUFRESNE, Judge.
This court, ex proprio motu, issued a rule to show cause why this appeal should not be dismissed as premature.
The pertinent dates and facts are as follows:
1. May 9, 1984 — case tried and oral judgment and reasons announced by the trial court.
2. May 31, 1984 — Appeal order filed.
3. Sept. 9, 1984 — written judgment signed by the trial judge.
4. Feb. 20, 1985 — Record lodged in this court.
The appellant has urged in brief that there existed some disagreement between counsel in the preparation of the May 9, 1984, judgment. Out of an abundance of caution he prepared and filed the motion for appeal on May 31, 1984. From June 1984, to September 1984, various conferences were held with the trial court to properly prepare the judgment which was signed on September 9, 1984. After this date, the record reflects that no motion for appeal or any application for supervisory relief was filed.
La.C.C.P. art. 1911, as amended provides as follows:
“Except as otherwise provided by law, every final judgment shall be signed by the judge. For the purpose of an appeal as provided in article 2083, no appeal may be taken from a final judgment until the requirement of this article has been fulfilled.”
Contrary to the provisions of this article, the present appeal was taken before the signing of judgment by the trial judge.
Procedural law must be strictly construed and applied when it is free and clear from ambiguity. Since here there was no final judgment from which an appeal could be taken, the order of appeal of May 31, 1984, is a nullity. See Brown v. Brown, 421 So.2d 952 (La.App. 1st Cir.1982).
Appellant has urged us to apply the case of Chevron Chemical Co. v. Crescent River Point Pilots Assc., 385 So.2d 42 (La.App. 4th Cir.1980) and not dismiss his appeal. This matter before us is in an entirely different posture at this time. In Chevron, at the time the Court of Appeal considered its motion to dismiss, the appellant could have still gone to the trial court and filed a timely motion for appeal. Thus, the court concluded it would not cause such a requirement and denied their own motion to dismiss.
In the present case, at the time of lodging of the record with this court, the appellant could not apply to the trial court for an appeal since such a motion would have been considered late.
*559 Accordingly, for the foregoing reasons, this court has no jurisdiction to review this case. The appeal is dismissed at appellant’s costs.
APPEAL DISMISSED.