503 So.2d 1004 (1987)
STATE of Louisiana
v.
Herbert G. DUNLEVIE.
(In re SOUTH CENTRAL INSURANCE COMPANY).
No. 87-KK-0276.
Supreme Court of Louisiana.
March 13, 1987.
PER CURIAM.
The court of appeal correctly ruled that a judgment denying a petition for nullity of a bond forfeiture is an appealable judgment.
In State v. Kaercher, 380 So.2d 1365 (La.1980), this court ruled that "[a] proceeding to forfeit a bail bond is a civil proceeding arising out of a contract under private signature between a surety for the defendant and the state." Id. at 1366. However, this court further noted that judicial review of the civil proceeding lies with the reviewing court which has jurisdiction over the criminal case. Since appellate jurisdiction over criminal cases was vested in this court at the time and the limitation of this court's criminal appellate jurisdiction in the 1974 Constitution did not extend to bond forfeitures, this court held that review was by writ of review rather than by appeal. See La. Const. Art. V, § 5(D) prior to the 1980 amendment.
Appellate jurisdiction in criminal cases triable by jury is now vested in the courts of appeal, except for the appellate jurisdiction vested in this court under Section 5(D). See La. Const. Art. V, § 10(A). Since the Court of Appeal for the Second Circuit has appellate jurisdiction over the criminal case in which the bond forfeiture arose, that court also has appellate jurisdiction over the civil proceeding involving the bond forfeiture.
Accordingly, the application is granted, and the matter is remanded to the court of appeal with instructions to treat the surety's application as a civil appeal.