524 So.2d 175 (1988)
David GOLDEN and Stephanie Whitfield
v.
Samuel SLACK, Vivian Gelpi, Vivian J. Gelpi Co., Inc. and United States Fidelity & Guaranty Company.
No. CA 9018.
Court of Appeal of Louisiana, Fourth Circuit.
April 12, 1988.
*176 Leonard A. Young, Bienvenu, Foster, Ryan & O'Bannon, New Orleans, for appellants.
Nils R. Douglas, New Orleans, for appellees.
Before BYRNES, CIACCIO and PLOTKIN, JJ.
CIACCIO, Judge.
Plaintiffs sued defendants for personal injuries sustained when the vehicles they were driving were involved in a rear-end, chain reaction, collision on Claiborne Avenue in New Orleans. Following continual requests for discovery by the defendants and plaintiffs' failure to comply, the plaintiffs' suit was dismissed, with prejudice. Plaintiffs brought an action to annul the judgment of dismissal. The trial court granted a judgment annuling the judgment of dismissal and defendants appeal. We reverse the judgment of nullity.
The sole issue on appeal is whether the trial court erred in granting a judgment annulling the judgment of dismissal.
The record reflects the following sequence of events:
On April 16, 1981 plaintiffs filed a petition for damages. Defendant answered the suit and propounded a list of 40 interrogatories to the plaintiffs on May 26, 1981. On the same day, a motion to transfer the case from section "A" to section "J" of Civil District Court was filed. The motion was signed by the judge of Section "J" but not by the judge of Section "A". On September 9, 1981 a rule to compel answers to interrogatories was filed. A judgment was rendered on June 14, 1982 ordering that answers be filed. On November 5, 1982, defendants filed a motion to dismiss plaintiffs' suit for failure to comply with the court's discovery orders. A judgment was rendered ordering plaintiffs to answer the discovery requests by December 13, 1982 or suffer dismissal with prejudice. On December 30, 1982 defendants filed another motion to dismiss. Judgment on this motion was granted December 30, 1982 dismissing plaintiffs' suit without prejudice and providing that if a copy of the plaintiffs' answers with a stamped filing date before December 13, 1982, was provided that this order of dismissal would be voided.
Plaintiffs' answers to the interrogatories were apparently provided but were incomplete, because on February 8, 1984 defendants filed a rule to compel complete answers to interrogatories. On March 16, 1984 another motion to dismiss was filed. On March 22, 1984 the court ordered the plaintiffs to supply copies of their medical reports or in lieu thereof, to answer certain numbered interrogatories. On May 16, 1984, another motion to dismiss was filed. Judgment was rendered on June 25, 1984 ordering the plaintiffs to supply the requested answers on or before October 1, 1984 or suffer dismissal of their suit. A motion for judgment of dismissal was filed August 10, 1984 and a judgment of dismissal with prejudice was signed on October 10, 1984. A copy of this judgment was served on the plaintiffs' counsel on October 22, 1984.
On April 17, 1985 a petition for nullity was filed. Defendants answered the petition and denied the plaintiffs' allegations. A hearing was held and, over defendants' objections, plaintiffs each testified that they had grave difficulty reaching and therefore, communicating with the attorney who filed their damage suit.
Dr. Golden, one of the two plaintiffs, testified that he learned of the dismissal of his suit from his new attorney. Prior to this time he was told by the former attorney that they were merely awaiting a trial date.
Mrs. Whitfield, the other plaintiff, did admit that she and Golden had once been *177 called in to the office of their prior attorney and asked various questions. She further stated that she had completed a questionnaire but her attempts to talk to her attorney were unsuccessful.
On April 7, 1987, following this hearing, the trial judge granted the petition to annul, vacated and set aside the judgment of dismissal. The judge gave the following oral reasons for his decision:
Let the record reflect that counsel for Mr. Golden and the other Plaintiff is arguing it cannot be done ex parte. It was always done contradictory and the last thing was if it wasn't filed on such and such a date it would. Do not leave the impression that the Court surreptitiously pulled the rug out from these people. We went step by step by step. There was no need to have a contradictory hearing.
Let the record reflect this is a petition for nullity herein on the basis that the Plaintiffs were not properly represented by counsel. They were never informed of the various orders that the Court was signing and that their testimony indicates complete non-cooperation on the part of the attorney. Normally this Court will dismiss cases on failure to take discovery, on failure to answer interrogatories when a lot of times the Plaintiffs' attorney will inform the Court that they can't get hold of their clients. That the client is non-receptive to their letters, et cetera. So the Court comes to the conclusion that if the client is indifferent about the case it will be dismissed. In this case we have the opposite. We have a case in which the Plaintiff did not know whatsoever about the actions against them. The Court is going to grant the petition for nullity and let the record reflect for the Court of Appeals upstairs simply the basis that this Court feels it is unfair to penalize the client for the inaction on the part of the attorney. Let the record reflect that this Court feels there was nothing done of ill practices at all and nothing of any fraudulent nature on Mr. Young, and let the record reflect that this Court is simply treating it as being unfair to the clients. I am not sure if I am dotting my I's and crossing my T's within the Civil Procedure, but as the Court of original jurisdiction I am giving the benefit of doubt to the Plaintiffs. I don't know how it is going to wash upstairs because what I am doing, when we get down to it, it is simply on equity and not on the rules of procedure, because painstaking efforts were made to get these people to answer interrogatories and Mr. Young may well be right, that having all the appeals their form of action may be malpractice but the Court is going to grant the petition for nullity.
On appeal defendants contend that the improper representation or misconduct of plaintiffs' own attorney is not a legally recognized basis for granting an action in nullity. We agree.
The Louisiana Code of Civil Procedure provides for actions in nullity. The applicable articles read as follows:
Art. 2001. Grounds in general
The nullity of a final judgment may be demanded for vices of either form or substance, as provided in Articles 2002 through 2006.
Art. 2002. Annulment for vices of form; time for action
A final judgment shall be annulled if it is rendered:
(1) Against an incompetent person not represented as required by law;
(2) Against a defendant who has not been served with process as required by law and who has not entered a general appearance, or against whom a valid judgment by default has not been taken; or
(3) By a court which does not have jurisdiction over the subject matter of the suit.
Except as otherwise provided in Article 2003, an action to annul a judgment on these grounds may be brought at any time.
Art. 2004. Annulment for vices of substance; preemption of action
A final judgment obtained by fraud or ill practices may be annulled.

*178 An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.
This Court, in CIT Leasing Corp. v. Bar Tender of La., Inc., 258 So.2d 228 at 230 (La.App., 4th Cir., 1972) discussed the nature of these articles.
The grounds for an action of nullity are contained in C.C.P. art. 2001 et seq. and are exclusive. Levy v. Stelly, 254 So.2d 665 (La.App. 4th Cir., 1971), cert. denied, 260 La. 403, 256 So.2d 289 (1972). Therefore, the facts alleged in the petition (and accepted as true for the purpose of this exception) must show entitlement to annulment based solely on these grounds. An action for nullity cannot be substituted for a timely appeal. Levy v. Stelly, supra.

Plaintiffs point to the gross negligence of their own attorney resulting in the judgment of dismissal. It is upon this basis that the district court erroneously granted the plaintiffs' petition to annul. Although plaintiffs may view this negligence as "ill practices" within the confines of Louisiana Code of Civil Procedure Article 2001 et seq., the jurisprudence fails to support this position. The courts of this state have repeatedly refused to recognize the failures of the attorney for the moving party to be a grounds for setting aside a judgment under the annulment provisions of the code or to treat such failure as ill practice in the sense intended by C.C.P. Art. 2004. See: Johnson v. Welsh, 334 So.2d 395 (La.1976); Fineran v. O'Connor, 410 So.2d 273 (La. App., 4th Cir., 1982); Sokel v. McKinnon Chev., Inc., 307 So.2d 404 (La.App., 4th Cir., 1975).
Although the misconduct of the attorney may have been the proper basis for the parties to appeal the judgment of dismissal or for a malpractice suit against their prior counsel, it is not a recognized grounds for annulment of the judgment.
In further support of their position that the trial court acted correctly in annulling the judgment of dismissal, plaintiffs argue that various "ill practices" occurred in the procurement of the judgment of dismissal.
The plaintiffs allege that the subject judgment was the result of an ex parte order which was rendered without a hearing and without notice to the parties.
The trial judge correctly found that the judgment of dismissal resulted, not from an ex parte order, but rather from a methodical series of contradictory hearings on motions to compel and motions to dismiss, all of which afforded plaintiffs' counsel notice and the opportunity to be present and respond. The trial judge's findings in this regard are fully supported by the record.
Given that record, the plaintiffs' contention that the judgment of dismissal was the result of an ex parte order which did not afford them notice and an opportunity for a hearing is without merit.
Plaintiffs also argue that the contested judgment resulted from "ill practice" of defense counsel in filing the motion in Section "A" of the district court instead of Section "J", which was the section of court to which this suit had been transferred.
The record fails to reflect a transfer of plaintiffs' case from Section "A" to Section "J". Although the judge of Section "J" had agreed to the transfer, as is indicated by his signature on the motion to transfer, no such indication of the consent to transfer is evidenced by the Judge of Section "A".
However, even assuming that a transfer of this case had occurred, this factor alone would not be such a "vice" in the judgment as would warrant its annulment. The record indicates that plaintiffs' counsel was present at or had notice of all motions which were filed and heard in Section "A". He lodged no objection to this procedure and did not seek to have the matters transferred to Section "J". Moreover, the authority and jurisdiction of Section "A" of the Civil District Court is coequal with that of Section "J". Thus any judge of the court may have any other judge act for him and any order rendered is of equal validity. See: Local Rule 8 Sec. 5. Thus, it was not *179 an "ill practice" for this judgment of dismissal to be rendered by Section "A" of the district court.
The plaintiffs have failed to state and prove any of the exclusive grounds listed in the Louisiana Code of Civil Procedure for the annulment of judgments and as such, the trial court erred by granting a judgment to annul in this case. La.C.C.P. Arts. 2001 et seq.
Accordingly, the judgment of the district court is reversed and the prior judgment of dismissal is reinstated, at plaintiff's cost.
REVERSED.