534 So.2d 513 (1988)
STATE of Louisiana
v.
Newman SHIEF.
No. 88-CA-345.
Court of Appeal of Louisiana, Fifth Circuit.
November 16, 1988.
John M. Mamoulides, Dist. Atty., Dorothy Pendergast, Asst. Dist. Atty., Gretna, for plaintiff-appellee.
Elbert Lee Guillory, Opelousas, Philip J. Boudousqué, Gretna, for defendant-appellant.
Before CHEHARDY, GAUDIN and DUFRESNE, JJ.
*514 DUFRESNE, Judge.
The defendant, Newman Shief, was charged by bill of information on December 11, 1986 with possession of cocaine in violation of LSA-R.S. 40:967. Arraignment was set for January 21, 1987, however the defendant failed to appear and the court ordered that his bond be forfeited. On December 9, 1987, the trial court denied "Motion to Quash" the bail bond forfeiture filed by the defendant and his surety, American Bankers Insurance Company. On January 6, 1988, the surety filed a Motion for appeal.
The trial court failed to render a written signed judgment denying surety's motion to quash (to annul bond forfeiture). Thus, the motion for appeal is premature.
When a party posts an appearance bond, a suretyship agreement with the state is created. This agreement creates a civil contract based on an act under private signature, breach of which will lead to a money judgment against the surety. State v. Dunlevie, 503 So.2d 1004 (La.1987), Cormier v. Vidrine, 491 So.2d 397 (La.App. 3rd Cir.1986).
Except for the purpose of determining jurisdiction, proceedings involving bond forfeitures are civil proceedings. State v. Dunlevie, supra; State v. Ledener, 253 La. 915, 221 So.2d 47 (1969). A judgment in the surety's action to annul a judgment of forfeiture is an appealable civil judgment. State v. Smith, 524 So.2d 898 (La.App. 2nd Cir.1988). Accordingly, the Code of Civil Procedure governs the method of appealing a bond forfeiture.
C.C.P. art. 1911 provides: "Except as otherwise provided by law, every final judgment shall be signed by the judge. For the purpose of an appeal as provided in Article 2083, no appeal may be taken from a final judgment until the requirement of this Article has been fulfilled." Pursuant to this article, if there is no signed judgment, no appeal may be taken. O'Neill v. Sumrall, 447 So.2d 1269 (La.App. 4th Cir. 1984); writ denied, Bodoin v. Allstate Insurance Company, 458 So.2d 485 (La. 1984). Because there was no final judgment from which an appeal could be taken, the order of appeal is a nullity. Todd v. Todd, 466 So.2d 557 (La.App. 5th Cir.1985). Accordingly, this court does not have jurisdiction over this case.
For the foregoing reasons, this appeal is dismissed at appellant's costs.
APPEAL DISMISSED.