DOMENGEAUX, Chief Judge.
This appeal arises from a declaratory judgment action filed by Grace Ellis against the Louisiana Insurance Guaranty Association (LIGA) seeking a declaration of the validity of a consent judgment entered into by Ellis, Champion Insurance Company, and Michael Simien. The consent judgment was rendered pursuant to the settlement of a damage claim made by Ellis against Simien and his insurer, Champion, which had arisen from an automobile accident. Subsequent to the rendering of the consent judgment, but prior to its execution, Champion was declared insolvent and LIGA, pursuant to La.R.S. 22:1375 et seq., took over all Champion claims.
After reviewing the settlement among Ellis, Champion, and Simien, LIGA chose to contest the consent judgment pursuant to La.R.S. 22:1382(A)(4) (previously designated as 22:1382(5)(d)), which provides:
A. The [insurance guaranty] association shall:
Jjc * jfc * * *
*802 4. Investígate claims brought against the association and adjust, compromise, settle and pay covered claims to the extent of the association’s obligation and deny all other claims, and may review settlements, releases and judgments to which the insolvent insurer or its insureds were parties to determine the extent to which such settlements, releases and judgments may be properly contested.
When LIGA failed to pay the settlement at issue, Ellis filed this declaratory judgment action seeking validation of the consent judgment. LIGA responded by filing, in the same record, a petition to nullify the consent judgment. Ellis did not object to the procedural propriety of the nullity action, but excepted to it on grounds of res judicata and no cause of action. Additionally, Ellis contended that La.R.S. 22:1382(A)(4), insofar as it serves to deprive her of her settlement funds, is unconstitutional.
The trial judge maintained Ellis’ exception of no cause of action, but overruled her exception of res judicata. On the merits of the declaratory judgment action, the trial judge ruled in favor of Ellis, holding the consent judgment valid and enforceable against LIGA. Finally, the trial judge made an alternative ruling that if its ruling on the exception of no cause of action is reversed, then the statute under which LIGA has proceeded, § 1382(A)(4), is declared unconstitutional. LIGA has appealed the exception of no cause of action and the declaration of unconstitutionality. Ellis neither appealed nor answered the appeal. We affirm in part, reverse in part, and remand.
LIGA filed an action for nullity alleging first, that the settlement among Ellis, Champion, and Simien was not authorized by Champion, and second, that the settlement is excessive and not supported by medical evidence. At the hearing on the exceptions, counsel for LIGA admitted that Champion did authorize the settlement at issue. In order to state a cause of action for nullity, LIGA’s remaining allegations, that the settlement is excessive and medically insupportable, must fall within the exclusive statutory grounds for nullity of judgment.
Articles 2001 through 2006 of the Code of Civil Procedure set forth the exclusive grounds for an action for nullity. Allbritton v. Trottie, 415 So.2d 640 (La.App. 3d Cir.1982). The facts alleged in the petition, and accepted as true for purposes of this exception, must show entitlement to annulment based solely on these statutory grounds. An action for nullity cannot be substituted for a defense on the merits or a timely appeal. Allbritton; CIT Leasing Corporation v. Bar-Tender of Louisiana, Inc., 258 So.2d 228 (La.App. 4th Cir.1972).
The allegations asserted by LIGA, even if true, do not constitute grounds for nullity as contained in La.C.C.P. Arts. 2001 through 2006. Therefore, the trial court correctly maintained Ellis’ exception of no cause of action and we affirm that decision.
We now consider the trial court’s alternative holding on the constitutionality of § 1382(A)(4). Even though the ruling has no effect, as it was to apply only if we reversed on the exception of no cause of action, we find it necessary to address the issues raised by the parties. The statute allows LIGA to review settlements, releases, and judgments, and determine the extent to which such settlements, releases, and judgments may be properly contested. As we interpret the statute, LIGA, among other remedies, can appeal judgments, seek new trials, petition for nullities, all in accordance with law. LIGA cannot simply refuse to pay a judgment upon its own unilateral review of the settlement or release upon which a judgment is based. The statute does not grant LIGA that right. Accordingly, the operation of § 1382(A)(4) does not deprive a plaintiff or other LIGA beneficiary of his or her property without due process of law, and the statute does not violate the due process clause of the United States or Louisiana Constitutions.
Regardless of our decision on Ellis’ exception of no cause of action, the trial judge erred in determining that § 1382(A)(4) is unconstitutional. Had *803 LIGA asserted proper grounds in its action for nullity, its cause of action under the statute would have been upheld and would not amount to an unconstitutional deprivation of Ellis’ property rights. LIGA has the right, as articulated in the statute, to properly contest certain transactions in which LIGA is not a named party but nonetheless has certain obligations that must be carried out. The trial judge erred in its finding of unconstitutionality.
After deciding the two exceptions raised by Ellis, the trial judge stated that the consent judgment “is enforceable against [LIGA] insofar as any consent judgment would be enforceable against LIGA.” This ruling effectively granted relief to Ellis on the merits of the declaratory judgment action; however, there is no evidence in the record to support the court’s ruling. Although we have affirmed the dismissal of LIGA’s petition for nullity, we do not believe the case was ripe for decision on the declaratory judgment action. No evidence was taken, no arguments were offered. Judgment in favor of Ellis was premature and we must remand for a full trial on the merits.
For the foregoing reasons, the judgment of the trial court is affirmed in part, reversed in part, and remanded. Costs of this appeal are to be paid by LIGA to the extent allowed by law.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.