662 So.2d 54 (1995)
Robert MELANCON,
v.
D & M ENTERPRISES, ABC Employee, and Ranger Insurance Company.
No. 95-CA-0644.
Court of Appeal of Louisiana, Fourth Circuit.
September 28, 1995.
*55 Andre LaPlace, Baton Rouge, for Plaintiff/Appellant.
J. Rosyln Lemmon, Christovich & Kearney, L.L.P., New Orleans, for Defendant/Appellee, Ranger Insurance Co.
Before LOBRANO, ARMSTRONG and WALTZER, JJ.
ARMSTRONG, Judge.
Plaintiff, Robert Melancon, appeals from a judgment dismissing his petition for nullity of an earlier judgment enforcing a purported settlement agreement between himself and defendant Ranger Insurance Company relating to plaintiff's personal injury action. We now affirm.
Plaintiff was injured in October 1990 at a gas station in New Orleans, Louisiana, when he fell after slipping on some motor oil as he stepped off of his motorcycle. He filed suit against defendants D & M Enterprises, ABC Employee and D & M's insurer, Ranger Insurance Company. Plaintiff was represented by James Shields, an attorney. On January 9, 1992, after settlement negotiations, defense counsel J. Roslyn Lemmon mailed Shields a draft in the amount of $3,500.00 in "full and final settlement and release of any and all claims" (the exact notation typed on the draft) against any of the defendants. Lemmon asked that Shields not negotiate the draft until the release was executed and a motion to dismiss was signed and filed with the court. At the time the plaintiff was incarcerated in Hunt Correctional Center in St. Gabriel, Louisiana. Shields negotiated the check himself. On February 25, 1992, Shields wrote to Lemmon stating that the plaintiff had changed his mind regarding the settlement. Shields enclosed a check in the amount of $3,500.00 written on his client trust account. On March 20, 1992 Lemmon wrote Shields, returning his check and advising that it was her position that his negotiation of the settlement draft effected a written *56 compromise of the plaintiff's claims. Lemmon said if the settlement documents were not executed she would file motion to enforce settlement.
On March 25, 1992, Ms. Lemmon filed a motion to enforce settlement on behalf of defendant Ranger Insurance Company. Service was requested to be made on the plaintiff through his attorney of record, Mr. Shields. Service was made on Mr. Shields. The plaintiff was still incarcerated. The matter came for hearing on June 19, 1992. Only Ms. Lemmon was present, representing Ranger Insurance Company. Ms. Lemmon advised the court that Mr. Shields informed her, "a long time ago," that the plaintiff had discharged him as his attorney. However, Ms. Lemmon stated, as of the date of the hearing, Shields had never filed a motion to withdraw as counsel. Ms. Lemmon further informed the court that she had just spoken to Mr. Shields "about ten minutes ago" and that he told her he was in Gretna, apparently at his office, and was "not coming over."
Ms. Lemmon cited case law to the court for her position that a draft may serve as a written compromise when it recites that it is in full payment for all claims as the result of an accident and the draft is endorsed and negotiated. The trial court rendered judgment in favor of Ranger Insurance Company, dismissing the plaintiff's personal injury suit.
On June 8, 1993, the plaintiff filed a petition for nullity of the judgment enforcing the settlement, alleging that it was obtained due to ill practices on the part of his former attorney, James Shields. As grounds for his petition for nullity he alleged that Shields had no authority to settle the case for that sum;[1] he had no authority to negotiate the draft; he failed to communicate with him regarding the settlement offer and his intent to negotiate the draft; and he negotiated the draft "in direct contravention of the request made by J. Roslyn Lemmon (that it not be negotiated until the release was signed, etc.)." He also claimed that he never signed the release "as requested by Ranger Insurance;" and that the judgment deprived him of his right to a complete adjudication of his cause of action against the defendants. The plaintiff subsequently filed a supplemental and amending petition alleging misconduct on the part of Ms. Lemmon, counsel for Ranger Insurance Company, in filing and arguing the motion knowing that he was unrepresented by counsel. He also alleged that he received no notice of the judgment and thus all appeal delays had lapsed. The defendant Ranger Insurance Company filed a motion for summary judgment which was granted by the trial court.
In his brief on appeal the plaintiff raises as an assignment of error the trial court's granting of the motion to enforce the settlement. The correctness of that judgment is not before this court. The only issue before this court is whether the trial court erred in granting the motion for summary judgment, dismissing the plaintiff's suit for nullity of the judgment granting the motion to enforce the settlement.
La.C.C.P. art. 966(A) states that a plaintiff or a defendant in the principal or any incidental action, with or without supporting affidavits, may move for summary judgment in his favor for all or part of the relief for which he has. Appellate courts review summary judgments de novo, under the same criteria that govern the district court's consideration of whether summary judgment was proper. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991); Kantack v. Progressive Insurance Company, 618 So.2d 494 (La. App. 4th Cir.1993), writ denied, 620 So.2d 845 (La.1993). La.C.C.P. art. 966(B) provides that summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with supporting affidavits, if any, show there is no genuine issue of material fact, and the mover is entitled to summary judgment as a matter of law. Osborne v. Vulcan Foundry, Inc., 577 So.2d 318 (La. App. 4th Cir.1991).
*57 Under La.C.C.P. arts. 966 and 967 the burden is upon the mover to show the absence of genuine issues of material fact. Frazier v. Freeman, 481 So.2d 184 (La.App. 1st Cir.1985). Courts must closely scrutinize the papers supporting the position of the mover, while treating the papers of the party opposing the motion indulgently. Ortego v. Ortego, 425 So.2d 1292 (La.App. 3d Cir.1982), writ denied, 429 So.2d 147 (La.1983). All doubts must be decided in favor of trial on the merits even if grave doubt exist as to a party's ability to establish disputed facts at trial. Osborne v. Vulcan Foundry, Inc., supra; Equipment, Inc. v. Anderson Petroleum, Inc., 471 So.2d 1068 (La.App. 3d Cir. 1985). Nevertheless, once a motion for summary judgment has been made and supported, an opposing party may not rest on the mere allegations of his pleadings but must set forth by affidavit or other receivable evidence specific facts showing a genuine issue for trial or else summary judgment will be rendered against him. La.C.C.P. art. 967; Jasmin v. HNV Central Riverfront Corporation, 94-CA-1497 (La.App. 4th Cir. 8/30/94), 642 So.2d 311, writ denied, 94-2445 (La. 12/9/94) 647 So.2d 1110; Osborne, supra.
The nullity of a final judgment may be demanded for vices of form or substance. La.C.C.P. art. 2001. None of the grounds for vices of form under La.C.C.P. art. 2002 apply to the facts of this casethe plaintiff was not an incompetent person; the plaintiff was not a defendant who had not been served and who had not entered a general appearance; and the trial court had subject matter jurisdiction over the subject matter of the suit.[2]
Thus, the plaintiff's suit to annul was necessarily limited to the grounds of fraud or ill practices under La.C.C.P. art. 2003. As to any conduct of the defendant's attorney, the plaintiff's petition for nullity sets forth no allegations constituting fraud or ill practices on her part. Defense counsel was very forthcoming with the trial court, informing the court that James Shields had advised her that he no longer represented the plaintiff, but noting that no motion to withdraw had been filed in the record as of that time.
That leaves the conduct of Mr. Shields to consider. In Golden v. Slack, 524 So.2d 175 (La.App. 4th Cir.1988), this court held that the improper representation or misconduct of a plaintiff's own attorney was not a legally recognized basis for granting an action in nullity. We cited a prior decision of this court in which we discussed the nature of nullity provisions, stating:
The grounds for an action of nullity are contained in C.C.P. art. 2001 et seq. and are exclusive, Levy v. Stelly, 254 So.2d 665 (La.App. 4th Cir., 1971), cert. denied, 260 La. 403, 256 So.2d 289 (1972). Therefore, the facts alleged in the petition (and accepted as true for the purposes of this exception) must show entitlement to annulment based solely on these grounds. An action for nullity cannot be substituted for a timely appeal. Levy v. Stelly, supra.

(Emphasis added) 524 So.2d at 178.
In the instant case, the plaintiff set forth no grounds upon which the trial court could have annulled the judgment. For purposes of the defendant's motion for summary judgment, there were no genuine issues of material fact and the defendant was entitled to judgment as a matter of law.
For the foregoing reasons, we affirm the judgment of the trial court.
AFFIRMED.
NOTES
[1] This is contradicted by Shields in an affidavit filed in the record wherein he states that the plaintiff authorized him to settle for this amount but that the plaintiff changed his mind after Shields had received the draft, negotiated it and deposited in his client trust account.
[2] Under La.C.C.P. art. 2002, a final judgment shall be annulled if it is rendered:

(1) Against an incompetent person not represented as required by law;
(2) Against a defendant who has not been served with process as required by law and who has not entered a general appearance, or against whom a valid judgment by default has not been taken; or
(3) By a court which does not have jurisdiction over the subject matter of the suit.