Statement.'
O’NIELL, J.
The plaintiff has appealed from a judgment dismissing its suit on an exception of no cause of action.
The petition recites that, in the ordinary course of its banking business, the plaintiff loaned to the commercial partnership of L. A. Didier & Co. $2,300 on the 23d of January, 1912, and $2,600 on the 15th of February, 1912, on the firm’s promissory notes of the amounts and dates stated, respectively, the first payable four months after its date, and the second payable six months after its date, bearing interest at 8 per cent, per annum from maturity, and containing the obligation to pay attorney’s fees and costs of collection.
It is alleged that, to secure the payment of the note of $2,300, L. A. Didier & Co. pledged to the plaintiff 23 shares of the capital stock of the defendant corporation, the Malarcher-Damare Company, Limited, represented by certificate No. 15, signed by Willy Malarcher, as president and secretary of the company, and by Rene Damare, as vice president, which certificate was issued to Rene Damare, of date the 4th of January, 1907, and was transferred and assigned, in blank, by him on the 8th of July, 1910, and that, to secure the note of $2,600, L. A. Didier & Co. pledged to the plaintiff 26 shares of the capital stock of the defendant corporation, represented by certificate No. 16, signed by the officers above named, and by Eugene Damare, as second vice president, which certificate was issued to Eugene Damare, of date the 2d of February, 1910, and was transferred, assigned, and sold by him, in blank, on the 4th of February, 1910.
It is alleged that the plaintiff loaned its money on the pledge of this capital stock, in good faith, without any knowledge or notice of adverse claims of ownership, and upon the guaranty of the Malarcher-Damare Company, Limited,-and its officers.
The petition then recites that on or about the 5th of August, 1912, the plaintiff learned of the following facts: That the 23 shares of stock, represented by certificate No. 15, had belonged originally to one Charles Mai- *298 archer, now deceased; that his collateral heirs 'had been sent into possession of his estate, “and particularly the stock of the Malarcher-Damare Company, Limited,” by a judgment of court, rendered on the 16th of January, 1908; that these proceedings show that Charles Malarcher and his wife were separate in property by a judgment of court, and that therefore his wife, Mrs. Estelle Ledoux Malarcher, had no interest in the stock ; that subsequently, however, this stock was transferred on the books of the corporation to Mrs. Estelle Ledoux Malarcher, without the authority of the collateral heirs of Charles Malarcher, and that thereafter Mrs. Estelle Ledoux Malarcher had the stock transferred on the books of the corporation to Rene Damare; that the 26 shares of stock, represented by certificate No. 16, belonged originally to Celestine Jacob, deceased wife of Eugene Damare, and were inherited by her minor child, Julia Damare; that Eugene Damare qualified as tutor and Willy Malarcher as undertutor of this child; that the books of the corporation show that this stock was transferred to Eugene Damare, tutor, but that the certificate was issued in the name of Eugene Damare, without mentioning his capacity; and that all of these transfers of stock were made falsely and fraudulently, and with full knowledge of all of the foregoing facts, by the Malarcher-Damare Company, Limited, and by Willy Damare, Eugene Damare, and Rene Damare, and are therefore null and void, and of no effect.
It is alleged that, for the reasons above stated, the 23 shares of stock, represented by certificate No. 15, remain the property of the collateral heirs of Charles Malarcher, and the 26 shares, represented by certificate No, 16, remain the property of the minor, Julia Damare.
The plaintiff alleges that the firm of L. A. Didier & Co. has failed in business, and has taken the benefit of the bankrupt law, and that the bank cannot collect any portion of its debt from the maker of the notes, “and that the said loss to petitioner was caused by the aforesaid fraudulent and illegal acts of the defendants, the Malarcher-Damare Company, Limited, and Willy Malarcher, Rene Damare, and Eugene Damare, who are therefore liable to (your) petitioner in solido” for the payment of the $4,900 loaned to L. A. Didier & Co., together with the interest on the notes, and $700 additional, “being the amount of necessary expenses incurred, under the terms of the aforesaid note, to protect and assert plaintiff’s rights thereunder, in the present suit, and in the bankruptcy proceedings, of L. A. Didier & Co. in the United States Court at Natchez, Miss.”
Alleging that Rene Damare and Eugene Damare do not reside in the parish of St. James, the plaintiff reserved the right to sue them at their domicile.
The two promissory notes and the two stock certificates, No. 15 and No. 16, are annexed to, and made part of, the plaintiff’s petition.
Before the defendants filed their exception, the plaintiff filed a supplemental petition, declaring that the allegation that the firm of L. A. Didier & Co. had gone into bankruptcy was made in error, the facts being that L. A. Didier had sold his interest in the partnership to E. J. Damare, and that the latter had thereafter gone into bankruptcy. In the supplemental petition, the plaintiff repeats that it cannot collect any portion of the debt from L. A. Didier & Co., nor from any member ot the firm.
The prayer of the original and supplemental petition is that plaintiff have judgment against the Malarcher-Damare Company, Limited, and its president, Willy Malarcher, in solido, for the amount of the two notes, with interest as stipulated therein, and for the further sum of $700 for attorney’s fees, with legal interest from judicial demand.
*300 The plaintiff does hot allege, in either the original or supplemental petition, that the 49 shares of the capital stock of the Malarcher-Damare Company, Limited, has, or ever has had, any value. There is no mention of its par value in either petition.
The stock certificates annexed to the petition do not state the par value per share, the number of shares outstanding or authorized, nor the total amount of the capital stock of the corporation.
The promissory note of $2,300 has this description of the securities attached indorsed upon the note, viz.:
“23 shares stock Malarcher-Damare Co.— Mtge. note $600.”
And the note of $2,600 has this description of the securities attached indorsed upon it, viz.:
“26 shares stock Malarcher-Damare Co.”
There is no allegation in either petition as to how these stock certificates passed into the possession of L. A. Didier & Co., except “that they were transferred, assigned, and sold, in blank,” by the parties in whose names they were issued.
It is not alleged that the original stock certificates were not surrendered and canceled when the new certificates were issued. On the contrary, it is admitted that these certificates, No. 15 and No. 16, are the only outstanding certificates representing these 49 shares of stock. For it is alleged that the stock was transferred on the books of the corporation, and the certificates recite that the stock is—
“transferrable only on the books of the corporation by the holder in person, or by attorney, on surrender of this certificate properly indorsed.”
The certificates are properly indorsed with the signature of Rene Damare and Eugene Damare, in whose names they were issued, respectively.
During the pendency of this appeal, the appellant bank was placed into the hands of receivers, who have been made parties to the appeal. The defendant Willy Malarcher died, during the pendency of the appeal, and his widow and heirs have been made parties.
Opinion.
The plaintiff’s contention is that the allegation that the officers of the Malarcher-Damare Company, Limited, fraudulently transferred the stock of the corporation gives the bank, as an innocent transferee of the stock, a right of action against the corporation and its officers for the amount loaned to L. A. Didier & Co. on a pledge of the stock, without regard to its value. The plaintiff relies upon its allegation that the firm of L. A. Didier & Co. and its members have become insolvent, “and that the loss to petitioner was caused by the aforesaid fraudulent and illegal acts of the officers of the Malarcher-Damare Company, Limited,” in transferring its stock.
[1] In determining whether a petition sets forth a cause of action, the allegations which amount to mere conclusions of law are not considered as allegations of fact.
[2] The facts alleged in this petition do not show that the plaintiff has sustained a loss by reason of the alleged fraudulent transfer of stock by the officers of the Malarcher-Damare Company, Limited, unless the stock had some value. The corporation and its officers are not answerable to the plaintiff for the loss that resulted from the. failure or insolvency of L. A. Didier & Co.
Acts of fraud give a cause of action only to those who are injured, and only to the extent of the injury. In order to recover from the Malarcher-Damare Company, or its officers, the loss which the plaintiff alleges it sustained by reason of the alleged defect in its title to this stock, the plaintiff must allege and prove the amount which it could realize from the stock if it had a valid title.
*302 In the absence of an allegation to the contrary, it may well be inferred that the stock which the plaintiff holds has no value, in view of the fact that the plaintiff is repudiating its own title and the title of its pledgor, and the parties who are said to be the owners of the stock have not claimed it.
If it can be assumed, in the absence of an allegation, that this stock has some value, it must be observed that the plaintiff holds it for the account of its pledgor, L. A. Didier & Co., and, as its pledgee, in good faith, the plaintiff has no right to repudiate the title of its pledgor and champion the rights of .third parties who are not claiming the stock. The issue presented is whether this stock belongs to Julia Damare and the collateral heirs of Charles Malarcher, or to the firm of L. A. Didier & Co., none of whom are parties to this suit.
If the allegations of this petition are true, Julia Damare and the collateral heirs of Charles Malarcher may sue the Malarcher-Damare Company, Limited, and its officers, for the fraudulent cancellation of their stock. See Woodhouse v. Crescent Mutual Insurance Co., 35 La. Ann. 238; Telegraph Co. v. Davenport, 97 U. S. 369, 24 L. Ed. 1047; Bank v. Lanier, 11 Wall. 369, 20 L. Ed. 172; Factors Insurance Co. v. Marine Co., 31 La. Ann. 151; and Leurey v. Bank of Baton Rouge, 131 La. 30, 58 South. 1022, Ann. Cas. 1913E, 1168. But it would not follow, in this event, that the plaintiff would lose the stock which it acquired in good faith, for value, and in the ordinary course of its banking business. On the contrary, in the case of State ex rel. Louisiana State Bank v. Bank of Baton Rouge, 125 La. 138, 51 South. 95, 136 Am. St. Rep. 332, quoting numerous authorities, this court said:
“The issuance by a corporation of a certificate for shares of its capital stock is a declaration to the world that the person named is the owner of the stock called for by the certificate, and a purchaser of the stock, who acquires in good faith, for value, and in the usual course of business, and to whom the certificate, properly indorsed, is delivered, is entitled to be recognized by the corporation as the owner of the stock, and cannot be required, as a condition precedent to such recognition, to litigate his title with a third person, who claims under a certificate which had previously been surrendered and canceled; the question whether the cancellation and the issuance of the new certificate were authorized being one which the corporation and such third person must settle between themselves. In such case, mandamus will lie to compel the corporation to reeognize_ the holder and owner of the outstanding certificate as the owner of the stock.”
In the opinion quoted, it was said that the doctrine announced was the same prior to the passage of the Act No. 180 of 1904; and in the Succession of Desina, 123 La. 470, 49 South. 23, it was said that under this statute stock certificates are negotiable instruments, transferable by delivery with a written transfer, or written authority to transfer, the stock on the books of the corporation.
The certificates of stock held by the plaintiff are not void, as was the ease in Scovill v. Thayer, 105 U. S. 143, 26 L. Ed. 968, and Allen v. South Boston, 150 Mass. 200, 22 N. E. 917, 5 L. R. A. 716, 15 Am. St. Rep. 185, where the certificates were issued in excess of the amount of stock authorized by the charter of the corporation.
The plaintiff’s petitions do not disclose a cause of action against either of the defendants.
The judgment appealed from is therefore affirmed, at the cost of the appellant.