| | | |
|---|---|---|
| **JOSEPH HENDERSON, JR.** | * | **NO. 2021-C-0654** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **STATE FARM MUTUAL** | * | |
| **AUTOMOBILE INSURANCE** | | **FOURTH CIRCUIT** |
| **COMPANY, MICHAEL** | * | |
| **RICHARD, STEADFAST** | | **STATE OF LOUISIANA** |
| **INSURANCE COMPANY,** | \* \* \* \* \* \* \* | |
| **LYFT, INC., AND DAMON** | | |
| **REYNOLDS** | | |

APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2017-11345, DIVISION "J"
Honorable D. Nicole Sheppard,
\* \* \* \* \* \*
**Judge Paula A. Brown**
\* \* \* \* \* \*
(Court composed of Judge Edwin A. Lombard, Judge Daniel L. Dysart, Judge
Paula A. Brown)


Peter R. Brigandi, Jr.
Kyle M. Green, Jr.
THE BRIGANDI LAW FIRM, LLC
1630 Franklin Avenue
Gretna, Louisiana 70053

Sherona Graham Alexis
FREDERICK A. MILLER & ASSOCIATES
1700 Lakeway II
3850 Causeway Blvd.
Metairie, Louisiana 70002

Karen M. Dicke
LEWIS, BRISBOIS, BISGAARD & SMITH, LLC
400 Poydras Street
Suite 1300
New Orleans, Louisiana 70130

COUNSEL FOR PLAINTIFF/RESPONDENT

Wade A. Langlois, III
Kaylyn E. Blosser
David J. Patin, Jr.
GAUDRY, RANSON, HIGGINS & GREMILLION, L.L.C.
401 Whitney Avenue,
Suite 500
Gretna, Louisiana I 0056

COUNSEL FOR DEFENDANT/RELATOR

**WRIT GRANTED,
JUDGMENT REVERSED;
REMANDED WITH
INSTRUCTIONS
December 17, 2021**

Relator, Steadfast Insurance Company ("Steadfast"), seeks review of the district court's October 1, 2021 judgment, which overruled Steadfast's exception of no cause of action. Steadfast's writ is granted, the judgment of the district court is reversed, and the matter is remanded for further proceedings consistent with this writ opinion.

## FACTUAL AND PROCEDURAL HISTORY

Respondent, Joseph Henderson, Jr., filed a petition for damages for injuries allegedly sustained in an automobile accident, which occurred on June 11, 2017. Mr. Henderson alleged that at the time of the accident he was a passenger in a vehicle operated by Damon Reynolds—who was in the course and scope of his employment as a Lyft driver—which was struck by a vehicle driven by an unknown driver. Steadfast, provided automobile liability insurance to Mr. Reynold's through Lyft, Inc. In his original petition for damages, Mr. Henderson alleged:

> Defendant, STEADFAST INSURANCE COMPANY AND/OR UNIDENTIFIED INSURANCE COMPANY DEF, is directly liable under the direct action statute and is liable by law and by contract and is liable by virtue of the issuance of a policy or policies of insurance, including but not limited to insurance covering DAMON

1

REYNOLDS AND/OR LYFT, INC. AND/OR MICHAEL RICHARD AND/OR JOSEPH HENDERSON, JR. AND/OR UNIDENTIFIED DRIVER ABC AND/OR UNIDENTIFIED VEHICLE OWNER DEF AND/OR UNIDENTIFIED VEHICLE DRIVER XYZ, making said insurer liable for all risks complained of herein and making it liable to petitioner(s) by virtue of applicable coverage.

Following, Mr. Henderson filed a supplemental and amending petition, seeking uninsured/underinsured motorist benefits from Steadfast that stemmed from the liability of the unidentified driver in the accident. Mr. Henderson further asserted that Steadfast was liable for statutory penalties, attorney fees and costs under La. R.S. 22:1892[1] and La. R.S. 22:1973[2]. Specifically, Mr. Henderson, in his supplemental and amending petition, asserts:

---

[1] La. R.S. 22:658 was re-codified as La. R.S. 22:1892, by Acts 2008, No. 415. La. R.S. 22:1892, which provides in pertinent part:

> A. (1) All insurers issuing any type of contract, other than those specified in R.S. 22:1811, 1821, and Chapter 10 of Title 23 of the Louisiana Revised Statutes of 1950, shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured or any party in interest. The insurer shall notify the insurance producer of record of all such payments for property damage claims made in accordance with this Paragraph.

> * * *

> B. (1)(a) Except as provided in Subparagraph (b) of this Paragraph, failure to make such payment within thirty days after receipt of such satisfactory written proofs and demand therefor or failure to make a written offer to settle any property damage claim, including a third-party claim, within thirty days after receipt of satisfactory proofs of loss of that claim, as provided in Paragraphs (A)(1) and (4) of this Section, respectively, or failure to make such payment within thirty days after written agreement or settlement as provided in Paragraph (A)(2) of this Section when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty . . . as well as reasonable attorney fees and costs.

[2] La. R.S. 22:1220 was re-codified as La. R.S. 22:1973 by Acts 2008, No. 415. La. R.S. 22: 1973, which provides in pertinent part:

> A. An insurer, including but not limited to a foreign line and surplus line insurer, owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.

NOW comes plaintiff, JOSEPH HENDERSON, who respectfully represents that plaintiff seeks leave to amend his Petition for Damages to aver that his uninsured/underinsured motorist carrier, STEADFAST INSURANCE COMPANY, has refused to deal with him in good faith, including, but not limited to, refusing to issue unconditional (McDill) tenders and taking actions in violation of La. R.S. 22:1892 and La. R.S. 22:1973. Thus, the first supplemental and amending petition of Joseph Henderson seeks to amend the Petition for Damages as follows, and to add the following numbered paragraphs to the Petition for Damages. Plaintiff avers:

* * *

19.

Petitioner further avers that defendant, STEADFAST INSURANCE COMPANY, has acted in bad faith for, but not limited to, the reasons set forth herein and as an insurer has acted contrary to La. R.S. 22:1892 and La. R.S. 22:1973. Defendant has arbitrarily, capriciously and without probable cause failed to pay all monies due pursuant to the applicable policy of insurance and/or pay all unconditional (McDill) tenders within the applicable time periods. Further, it is averred STEADFAST INSURANCE COMPANY has misrepresented pertinent facts or insurance policy provisions relating to coverages at issue.

20.

---

B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A of this Section:
(1) Misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue.
(2) Failing to pay a settlement within thirty days after an agreement is reduced to writing.
(3) Denying coverage or attempting to settle a claim on the basis of an application which the insurer knows was altered without notice to, or knowledge or consent of, the insured.
(4) Misleading a claimant as to the applicable prescriptive period.
(5) Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause.
(6) Failing to pay claims pursuant to R.S. 22:1893 when such failure is arbitrary, capricious, or without probable cause.
C. In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater. Such penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings.

3

Petitioner further avers that pursuant to Louisiana Revised Statute 22:1892 and 22:1973 et seq., petitioners are entitled to penalties, attorneys' fees and costs.

Steadfast filed an exception of no cause of action, alleging that Mr. Henderson's petition and supplemental and amending petition did not state a cause of action under La. R.S. 22:1892 and La. R.S. 22:1973. Mr. Henderson opposed the exception and attached exhibits thereto which Steadfast objected. After a hearing, the district court overruled the exception, but did not rule on Steadfast's objection to the documents attached to Mr. Henderson's opposition. This timely writ application followed.

## DISCUSSION

Steadfast argues that the district court erred in denying the exception of no cause of action.[3] Steadfast asserts that the allegations raised in Mr. Henderson's supplemental and amending petition are merely legal conclusions, which are insufficient to state a cause of action.

A peremptory exception of no cause of action under La. C.C.P. art. 927 A(5) questions whether the law extends a remedy against a defendant to anyone under the factual allegations of a petition. *Mid-S. Plumbing, LLC v. Dev. Consortium-Shelly Arms, LLC*, 12-1731, p. 4 (La. App. 4 Cir. 10/23/13), 126 So.3d 732, 736. That is, "[a]n exception of no cause of action tests 'the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading.'" *Green v. Garcia-Victor*, 17-0695, p. 4 (La. App. 4 Cir. 5/16/18), 248 So.3d 449, 453 (quoting *Moreno v. Entergy Corp.*, 10-2281, p. 3 (La. 2/18/11), 62 So.3d 704, 706). Appellate courts review rulings on exceptions of no cause of

---

[3] Steadfast also assigns as an error the district court failure to sustain its objection to the inclusion of evidence on an exception of no cause of action. Having found the district court erred in granting the exception of no cause of action, we pretermit discussion of this assigned error.

action using the *de novo* standard of review because exceptions of no cause of action present legal questions. *Tickle v. Ballay*, 18-0408, p. 4 (La. App. 4 Cir. 11/14/18), 259 So.3d 435, 438.

In *Green*, this Court recognized the well-settled jurisprudence on reviewing exceptions of no cause of action.

> In deciding an exception of no cause of action a court can consider only the petition, any amendments to the petition, and any documents attached to the petition." *2400 Canal, LLC [v. Bd. of Sup'rs of Louisiana State Univ. Agr. & Mech. Coll.]*, 12-0220, p. 7 [ (La. App. 4 Cir. 11/7/12) ], 105 So.3d [819,] 825.... "The grant of the exception of no cause of action is proper when, assuming all well pleaded factual allegations of the petition and any annexed documents are true, the plaintiff is not entitled to the relief he seeks as a matter of law." *Id.* Further, "any doubt must be resolved in the plaintiffs' favor." *Id.*

17-0695, p. 5, 248 So.3d at 453.

La. C.C.P. art. 891 provides that a petition "shall contain a short, clear, and concise statement of all causes of action arising out of, and of the material facts of, the transaction or occurrence that is the subject matter of the litigation." "In order to plead 'material facts' within Louisiana's fact-pleading system, the pleader must 'state what act or omission he or she will establish at trial, such as the fact the defendant failed to deliver goods by a designated date, exceeded the speed limit, or failed to pay workers' compensation benefits although the evidence in his or her possession clearly established a compensable injury and disability.'" *Udomeh v. Joseph*, 11-2839, p. 10 (La. 10/26/12), 103 So.3d 343, 349 (quoting *Greemon v. City of Bossier City*, 10-2828, 11-0039, pp. 8-9 (La. 7/1/11), 65 So.3d 1263, 1268-1269) (citation omitted).

Legal conclusions asserted as facts are not considered well-pled factual allegations for purposes of an exception of no cause of action. *First Natchez Bank v. Malarcher-Damare Co.*, 135 La. 295, 65 So. 270, 271 (1914); *Kyle v. Civil*

5

*Service Comm'n.,* 588 So.2d 1154, 1159 (La. App. 1st Cir. 1991). A court may not consider legal conclusions "clothed as fact." *Hooks v. Treasurer,* 06-0541, p. 10 (La. App. 1 Cir. 5/4/07), 961 So.2d 425, 431-32. Simply stated, courts "are not compelled to accept a party's legal conclusions as facts." *Hooks,* 06-0541 at p. 10, 961 So.2d at 432. "If the pleader alleges [legal] conclusions and not material facts (such as a petition in a negligence action which alleges only that the defendant failed to use "due care"), the pleader has failed to state a cause of action." 1 Frank L. Maraist and Harry T. Lemmon, *Louisiana Civil Law Treatise: Civil Procedure* § 6:7 (2d ed.2012) (citing *Johnson v. Edmonston,* 383 So.2d 1277 (La. App. 1st Cir. 1980)); *see Walton Const. Co. v. G.M. Horne & Co.,* 07-0145, p. 6 (La. App. 1 Cir. 2/20/08), 984 So.2d 827, 832; *see also Charia v. Hulse,* 619 So.2d 1099, 1102 (La. App. 4th Cir. 1993).

Turning to the case *sub judice*, after review of the record, particularly Mr. Henderson's supplemental and amending petition, we conclude the supplemental and amending petition does not provide any factual basis for his conclusions that Steadfast is liable for statutory penalties, attorney's fees and costs under La. R.S. 22:1892 and La. R.S. 22:1973; instead, the supporting petition for damages makes conclusory statements regarding Steadfast's alleged bad faith dealings. Mr. Henderson, in support of his allegation of bad faith against Steadfast, attached documents, emails and correspondence between the parties' counsel to his opposition memorandum. As previously noted, a court can consider only the petition, any amendments to the petition, and any documents attached to the petition. *Green*, 17-0695, p. 5, 248 So.3d at 453. Thus, the district court erred in overruling Steadfast's exception of no cause of action.

6

Accordingly, we reverse the district court's judgment overruling the exception of no cause of action and find that Mr. Henderson failed to state a cause of action for statutory penalties, attorney fees and costs under La. R.S. 22:1892 and La. R.S. 22:1973. Nonetheless, La. C.C.P. art. 934 authorizes a district court to allow a plaintiff to amend his petition when it fails to state a cause of action and the grounds for the objection can be removed by amendment. *See Ocwen Loan Servicing, LLC v. Porter*, 2018-0187, p. 9 (La. App. 4 Cir. 5/23/18), 248 So.3d 491, 498 (explaining that "when a plaintiff's petition fails to state a cause of action the plaintiff is entitled to an opportunity to remove the grounds for the exception by amending its petition."). We, therefore, remand this matter back to the district court to allow Mr. Henderson to supplement and amend his petition with sufficient facts to support his allegations of bad faith.

## CONCLUSION

For these reasons set forth above, we grant Steadfast's writ, reverse the district court's judgment overruling the exception of no cause of action, and remand the matter back to the district court for further proceedings consistent with this writ opinion.

**WRIT GRANTED,
JUDGMENT REVERSED;
REMANDED WITH
INSTRUCTIONS**

7