NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

22-408


TREY JOHNSON, SR.

VERSUS

DWLISHIA LANAE RUTLEDGE

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NUMBER 267,641
HONORABLE PATRICIA EVANS KOCH, DISTRICT JUDGE

**********

SHARON DARVILLE WILSON
JUDGE

**********

Court composed of Sylvia R. Cooks, Chief Judge, Billy H. Ezell, and Sharon Darville Wilson, Judges.

AFFIRMED.

**Clifton John Spears, Jr.**
**Assistant District Attorney**
**720 Murray Street**
**Alexandria, LA  71301**
**(318) 704-6126**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Dwlishia Lanae Rutledge**

**David Cleveland Hesser**
**Leo J. "Trey" Flynn, III**
**Hesser & Flynn**
**Alexandria, LA  71301**
**(337) 542-4102**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
     **Trey Johnson, Sr.**

**WILSON, Judge.**

This case arises from a custody dispute in which joint custody was established and the father, Trey Johnson Sr., was named domiciliary parent. The mother, Dwlishia Lanae Rutledge, filed a petition to nullify the custody judgment and Mr. Johnson filed an exception of no cause of action. After a hearing, the trial court granted Mr. Johnson's exception and dismissed Ms. Rutledge's petition. Ms. Rutledge appeals. For the reasons expressed below, we affirm the judgment of the trial court.

I.

**ISSUES**

In this appeal we must decide:

(1)     whether the trial court erred in designating Dwlishia Rutledge as an absentee defendant and appointing a curator to represent her;

(2)     whether the trial court erred in accepting the curator's search as diligent; and

(3)     whether the trial court erred in granting Trey Johnson's exception of no cause of action.

II.

**FACTS AND PROCEDURAL HISTORY**

Trey Johnson, Sr., and Dwlishia Lanae Rutledge are the parents of three minor children together. Following the dissolution of their relationship, the State of Louisiana filed a child support action on behalf of Ms. Rutledge, and against Mr. Johnson, on January 8, 2020. The child support case was continued after a March 3, 2020 court date so that a child custody matter could be filed. Mr. Johnson filed for child custody on March 4, 2020. Also on March 4th, Ms. Rutledge moved to

Houston, Texas with the children. The petition requested that service be made on Ms. Rutledge at her last known address at 700 Veterans Dr. Apt 811, Alexandria, Louisiana 71301.

After service could not be made on Ms. Rutledge, Mr. Johnson filed a motion to appoint a curator. The motion included Ms. Rutledge's last known address along with her phone number and email address. Susan Fiser was appointed as the curator for Ms. Rutledge. Ms. Fiser filed a curator's answer which alleged the following: on June 25, 2020, curator sent a certified letter regarding the petition to the listed last known address, the letter has not been returned, and the USPS website shows that the letter was forwarded to another address; on June 25, 2020 curator sent a letter regarding the petition to "dwlishia0228@gmail.com"; On June 25, 2020, curator sent a message through Facebook Messenger regarding the petition and requesting contact information to a profile claiming to be Dwlishia Lanae Rutledge.

A trial on the custody issue was held on August 5, 2020. Ms. Rutledge did not appear at the trial. The trial court granted joint custody of the minor children to Mr. Johnson and named him domiciliary parent. On March 22, 2021, Ms. Rutledge filed a "Motion for Annulment of Judgment" requesting that the court annul its previous judgment on the grounds of lack of service on the defendant pursuant to La.Code Civ.P. art. 2002(A)(2) and that the judgment was based on fraud and ill practices under La.Code Civ.P. art. 2004(A). On July 29, 2021, Mr. Johnson filed an exception of no right of action along with a motion to produce Ms. Rutledge's case file from the Louisiana Department of Child and Family Services for in camera inspection.

After several continuances, the motions were heard by the trial court on December 6, 2021. The trial court granted Mr. Johnson's exception. A judgment

was signed February 23, 2022, and Ms. Rutledge appealed. On July 5, 2022, this court determined that the judgment lacked proper decretal language in that it did not specify the relief awarded and the matter was remanded to the trial court to amend the judgment. The judgment was amended on July 19, 2022, granting the exception of no right of action, and dismissing the petition to nullify. The appeal is now before this court.

III.

**STANDARD OF REVIEW**

The determination of whether a defendant is an absentee is a legal determination that hinges on factual determinations of the defendant's whereabouts. *Hemavathy v. Shivashankara*, 34,440 (La.App. 2 Cir. 2/28/01), 782 So.2d 115, *writ denied*, 01-1318 (La. 6/22/01), 794 So.2d 790. An appellate court may not set aside a trial court's findings of fact in absence of manifest error or unless it is clearly wrong. *Rosell v. ESCO*, 549 So.2d 840 (La.1989). However, questions of law are reviewed by this court de novo. *Domingue v. Bodin*, 08-62 (La.App. 3 Cir. 11/5/08), 996 So.2d 654. Under the de novo standard of review, this court assigns "no special weight to the trial court and, instead, conducts a de novo review of questions of law and renders judgment on the record." *Id.* at 657. The exception of no cause of action is also subject to de novo review accepting the well pleaded facts as true. *Deal v. Haney*, 14-1232 (La.App. 3 Cir. 11/25/14), 158 So.3d 35.

IV.

**LAW AND DISCUSSION**

**ABSENTEE**

In her first assignment of error, Ms. Rutledge asserts that the trial court erred in designating her as an absentee defendant and appointing a curator to represent her. After reviewing the record, we find that this assignment lacks merit.

Louisiana Code of Civil Procedure Article 5251 (1) defines an absentee as:

> "Absentee" means a person who is either a nonresident of this state, or a person who is domiciled in but has departed from this state, and who has not appointed an agent for the service of process in this state in the manner directed by law; or a person whose whereabouts are unknown, or who cannot be found and served after a diligent effort, though he may be domiciled or actually present in the state; or a person who may be dead, though the fact of his death is not known, and if dead his heirs are unknown.

Ms. Rutledge argues that Mr. Johnson failed to show that she was an absentee defendant because he could not show that she was more than temporarily absent from the state and no efforts were made to ascertain her whereabouts before a curator was appointed. Ms. Rutledge appears to misunderstand the requirements for an absentee determination. Louisiana Code of Civil Procedure Article 5251 (1) sets forth four different categories for classifying a defendant as absentee. The third category of persons are those whose whereabouts are unknown and requires a diligent search effort before this determination is made. However, Mr. Johnson did not assert that Ms. Rutledge was an absentee under this category.

In his motion to appoint curator, Mr. Johnson alleged that "[u]pon information and belief, the defendant resides in Texas." He then cites La.Code Civ.P. art. 5251 (1) stating, "an 'absentee' is a person who is either a nonresident of this state, or a person who is domiciled in this state, and who had not appointed an agent for the service of process in this state in the manner directed by law." Thus, it was

Mr. Johnson's contention that Ms. Rutledge was an absentee either because she was a nonresident of Louisiana, or because she was a Louisiana domiciliary who was absent from the state but had not appointed a proper agent for service. Neither of these categories required Mr. Johnson to make a diligent search for Ms. Rutledge's whereabouts before the appointment of a curator.

At the time that the petition for custody was filed, it was known by Mr. Johnson that Ms. Rutledge had moved to Texas with the children. Ms. Rutledge admits that she had relocated to Houston, Texas in her petition to annul and makes no allegation that she appointed an agent for service of process. In the children's school records, which she attached to her petition, she also states that her move to Houston was not temporary. This evidence would suggest that Ms. Rutledge was a nonresident of the state as she was now residing in Texas with the intention to remain permanently. At the very least, Ms. Rutledge had clearly departed the state, and she did so without appointing an agent for service of process. As such, Ms. Rutledge was properly classified as an absentee defendant, and the trial court did not err in appointing a curator to represent her.

**DILIGENT EFFORT**

In her second assignment of error, Ms. Rutledge asserts that the trial court erred in accepting the curator's search as diligent. Louisiana Code of Civil Procedure Article 5094 provides:

> When an attorney at law is appointed by the court to represent a defendant who is a nonresident or an absentee, the attorney shall use reasonable diligence to communicate with the defendant and inform him of the pendency and nature of the action or proceeding, and of the time available for the filing of an answer or the assertion of a defense otherwise.

5

Whether a curator's efforts constituted reasonable diligence is a question of fact, and the trial court's determination will not be overturned unless manifestly erroneous. *First Nat. Bank of Jefferson Par. v. Samuels*, 618 So.2d 444 (La. Ct. App.1993), *writ denied*, 623 So.2d 1336 (La.1993). Ms. Fiser was appointed by the trial court to represent Ms. Rutledge in the child custody proceedings because she was an absentee defendant. Ms. Fiser filed a curator's answer where she alleged: she sent a certified letter containing the petition to the last known address of Ms. Rutledge in Alexandria, the certified letter was marked as forwarded to another address by the USPS, she sent an email of the petition to "dwlishia0228@gmail.com," and she sent a message through Facebook Messenger to "Dwlishia Rutledge." After reviewing this answer, the trial court was satisfied that Ms. Fiser made a diligent effort to notify Ms. Rutledge of the pending child custody proceedings. Ms. Rutledge contends that the curator's search was not diligent because the certified letter was sent to her old address in Alexandria. However, the Alexandria address is the only known address for Ms. Rutledge, therefore, it made sense for the curator to send notice to that address. This is particularly useful given the fact that the USPS allows residents to provide a forwarding address in the event of a move to ensure that mail delivered to the old address is received. Although the record does not contain evidence that Ms. Rutledge ever received the certified letter, the USPS noted that the letter had been forwarded. Under these circumstances, sending notice to Ms. Rutledge's last known address was reasonable. Additionally, Ms. Fiser sent notice to Ms. Rutledge via email and Facebook Messenger. Although the record does not contain evidence that Ms. Rutledge ever read the messages, the documents attached to Ms. Rutledge's petition confirm that the email used by Ms. Fiser is the current email address of Ms. Rutledge. Ms. Rutledge argues that the curator failed to use

6

traditional means such as local directories, newspaper publication, or internet data bases. While the curator certainly could have been more vigorous in her endeavors to locate Ms. Rutledge, we do not find that the trial court was manifestly erroneous in finding that Ms. Fiser conducted a reasonably diligent search.

## NO CAUSE OF ACTION

In her final assignment of error, Ms. Rutledge contends that the trial court erred in granting Mr. Johnson's exception of no cause of action. The exception of no cause of action "is designed to test the legal sufficiency of the petition to determine whether the plaintiff is afforded a remedy in law based on the facts alleged in the petition." Ebey v. Avoyelles Par. Sch. Bd., 2003-765, p. 4 (La.App. 3 Cir. 12/17/03); 861 So.2d 910, 912, writ denied, 2004-0196 (La. 3/26/04); 871 So.2d 349. "[T]he exception is tried on the face of the petition, with supporting documentation," and "the well-pleaded facts in the petition must be accepted as true." Id.

In the motion for annulment, Ms. Rutledge seeks an annulment of the judgment due to lack of proper service and that the judgment was obtained based on fraud and ill practices. After reviewing the petition, we find that Ms. Rutledge failed to state a cause of action, and the trial court did not err in granting the exception.

Ms. Rutledge first submits that the judgment should be annulled due to lack of proper service. "Citation and service thereof are essential in all civil actions except summary and executory proceedings, . . . . Without them all proceedings are absolutely null." La.Code Civ.P. art. 1201(A). In this case, service was made on a curator and Ms. Rutledge was not personally served in this matter due to her designation as an absentee defendant. Ms. Rutledge averred that she was not an absentee because Mr. Johnson knew of her whereabouts; however, nowhere in the petition or supporting documentation does she allege that Mr. Johnson was given or

knew her new address in Texas. The pleadings only suggest that Mr. Johnson knew Ms. Rutledge was going to Houston, but her exact whereabouts were unknown. Moreover, as discussed above, Ms. Rutledge was properly designated an absentee on the basis that she was either a nonresident or absent from the state without an appointed agent.

Louisiana Code of Civil Procedure Article 5091 provides in pertinent part:

> The court shall appoint an attorney at law to represent the defendant, on the petition or ex parte written motion of the plaintiff, when:
> (1) It has jurisdiction over the person or property of the defendant, or over the status involved, and the defendant is:
> (a) A nonresident or absentee who has not been served with process, either personally or through an agent for the service of process, and who has not waived objection to jurisdiction.

On the face of the petition, Ms. Rutledge pleads that she moved to Houston, Texas and does not allege that she appointed an agent for service of process. Under La.Code Civ. P. Art. 5251 that makes Ms. Rutledge an absentee defendant. As an absentee, service was properly made on the curator, and Ms. Rutledges's contention that there was a lack of proper service lacks merit.

Ms. Rutledge also requests annulment because the judgment was based on fraud or ill practices. Louisiana Code of Civil Procedure Article 2004 (A) provides, "[a] final judgment obtained by fraud or ill practices may be annulled."

> Our jurisprudence sets forth two criteria to determine whether a judgment has been obtained by actionable fraud or ill practices: (1) when the circumstances under which the judgment was rendered show the deprivation of legal rights of the litigant who seeks relief, and (2) when the enforcement of the judgment would be unconscionable and inequitable. . . . Thus, the article is not limited to cases of actual fraud or intentional wrongdoing, but is

8

> sufficiently broad to encompass all situations wherein a judgment is rendered through some improper practice or procedure which operates, even innocently, to deprive the party cast in judgment of some legal right, and where the enforcement of the judgment would be unconscionable and inequitable.

*Kem Search, Inc. v. Sheffield*, 434 So.2d 1067, 1070 (La.1983).

Whether an action constitutes actionable fraud or ill practices is a legal conclusion.

> Legal conclusions asserted as facts are not considered well-pled factual allegations for purposes of an exception of no cause of action. *First Natchez Bank v. Malarcher-Damare Co.*, 135 La. 295, 65 So. 270, 271 (1914), *Kyle v. Civil Service Comm'n.*, 588 So.2d 1154, 1159 (La. App. 1st Cir. 1991). A court may not consider legal conclusions "clothed as fact." *Hooks v. Treasurer*, 06-0541, p. 10 (La. App. 1 Cir. 5/4/07), 961 So.2d 425, 431-32. Simply stated, courts "are not compelled to accept a party's legal conclusions as facts." *Hooks*, 06-0541 at p. 10, 961 So.2d at 432. "If the pleader alleges [legal] conclusions and not material facts (such as a petition in a negligence action which alleges only that the defendant failed to use "due care"), the pleader has failed to state a cause of action." 1 Frank L. Maraist and Harry T. Lemmon, *Louisiana Civil Law Treatise: Civil Procedure* § 6:7 (2d ed.2012) (citing *Johnson v. Edmonst*on, 383 So.2d 1277 (La. App. 1st Cir. 1980)); see *Walton Const. Co. v. G.M. Horne & Co.*, 07-0145, p. 6 (La. App. 1 Cir. 2/20/08), 984 So.2d 827, 832; see also *Charia v. Hulse*, 619 So.2d 1099, 1102 (La. App. 4th Cir. 1993).

*Henderson v. State Farm Mut. Auto. Ins. Co.*, 21-654, p. 5-6 (La.App. 4 Cir. 12/17/21, 5–6), 335 So.3d 349, 353-54.

In the motion for annulment, Ms. Rutledge alleges that the judgment was based on fraud and ill practices but fails to plead facts which clearly indicate what purported improper practice or procedure was at play in this matter. However, in her "Memorandum in Support of Annulment," Ms. Rutledge claims that Mr.

9

Johnson knew she was residing in Houston, Texas, and failed to advise the court or the curator. This withholding, she contends, constituted fraud or ill practices.

Ordinarily, under La.Code Civ.P. art. 931"no evidence may be introduced at any time to support or controvert the exception that the petition fails to state a cause of action." However, our jurisprudence has recognized a limited exception to this rule when the evidence is part of an official record of the trial court before which the evidence is being offered. *Atherton v. Rosteet Law Firm*, 13-864 (La.App. 3 Cir. 4/16/14), 137 So.3d 1246, *writ denied*, 14-1019 (La. 9/12/14), 148 So.3d 930. Mr. Johnson's motion to appoint curator clearly stated that he believed Ms. Rutledge was residing in Texas. Taking judicial notice of the prior pleading, it is evident that Mr. Johnson did not fail to advise the court of Ms. Rutledge's move to Texas.

Ms. Rutledge also seems to imply that the curator's failure to conduct a diligent search amounted to fraud or ill practices. Assuming for the sake of argument that the curator failed to use proper diligence, this would still not entitle Ms. Rutledge to the relief sought. Louisiana Code of Civil Procedure Article 5098 provides,

> [t]he failure of an attorney appointed by the court to represent an unrepresented party to perform any duty imposed upon him by, or the violation by any person of, the provisions of Articles 5092 through 5096 shall not affect the validity of any proceeding, trial, order, judgment, seizure, or judicial sale of any property in the action or proceeding, or in connection therewith.

Ms. Rutledge failed to plead any other facts which would entitle her to the requested relief. As such, the trial court did not err in granting Mr. Johnson's exception of no cause of action and dismissing Ms. Rutledge's petition for annulment.

## V.

## <u>CONCLUSION</u>

For the foregoing reasons, the judgment of the trial court granting the exception of no cause of action and dismissing the petition for annulment of judgment is affirmed. All costs of this appeal are assessed against the appellant, Dwlishia Lanae Rutledge.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules— Courts of Appeal, Rule 2–16.3.

11